CHARLES H. TRUAX, as Assignee, etc., Respondent, *v.* JAMES SLATER, Appellant.

*It seems,* that an account may be assigned in the same manner as a chattel, and what will pass title to the latter will be equally effectual as to the former.

There must be a valid agreement of sale, and if the price be $50, or over, the statute of frauds must be complied with.

The declarations of an assignor of a chose in action, forming no part of the *res gestæ*, are not competent to prejudice the title of his assignee, whether the assignment be for value, or merely for the benefit of credit- ors, and whether the declarations be antecedent or subsequent to the assignment.

(Argued October 12, 1881; decided October 25, 1881.)

THE plaintiff is the assignee, under a general assignment for the benefit of creditors, of George Silver. The assignment was executed and delivered on the 16th day of June, 1879. The plaintiff claims that after the assignment to him, Silver assigned certain accounts due him from several persons to the defendant, and that the defendant collected and received upon such accounts about $600; and this action was brought to have such assignment declared fraudulent, null and void, and to compel payment by the defendant to the plaintiff of the amount so collected. The controversy of fact upon the trial was whether the accounts were assigned to the defend- ant before or after the general assignment to the plaintiff, and the trial judge found, upon what the court here find to be sufficient evidence, that they were assigned after, and he gave judgment for the plaintiff.

The court say upon this subject: " The evidence justified a finding that there was no written assignment of the ac- counts to the defendant until after the general assignment. Before that it could well be found from the evidence that all that took place in reference to the assignment of the accounts was that one of the assignors called at the defendant's store and left word there, in the absence of the defendant, that they had assigned some accounts to him. It does not conclusively appear that the defendant accepted or assented to the assign- ment, or knew what accounts were attempted to be assigned, until after the general assignment. It is not entirely clear how much must be done to make an effectual assignment of an account. (*Ford* v. *Stuart*, 19 Johns. 344; *Doremus* . v. *Williams*, 4 Hun, 458; *Archer* v. *O'Brien*, 7 id. 146; *Gould* v. *Ellery*, 39 Barb. 163; *Rupp* v. *Blanchard*, 34 id. 627; *Hooker* v. *Eagle Bank*, 30 N. Y. 83; *Risley* v. *Phenix*

*Bank*, 83 id. 318 ; *Crocker* v. *Whitney*, 10 Mass. 316 ; *Dunn* v. *Snell*, 15 id. 481.) But the better opinion seems to be that an account may be sold, like any chattel, and that any agreement which will pass the title to a chattel will pass the title to an account. There must be a valid agreement of sale, based upon a sufficient consideration, and if the price be fifty dollars or over, the statute of frauds must be complied with.

The evidence here falls far short of showing an assignment of the accounts by parol within any of the authorities. The minds of the parties did not meet. Nothing was delivered, nothing received, and nothing paid. The alleged parol assignment could not be upheld as a pledge of the accounts, because nothing was delivered, and the pledgee took no possession of any thing.

As the title to the accounts, therefore, was vested in the plaintiff by the general assignment to him, he was entitled to the money collected thereon by the defendant."

John McCallum, the debtor, owing one of the accounts assigned, was called upon the trial as a witness for the defendant, and he was asked this question : " Did you have any conversation with Mr. Knox or Mr. McCallum" (the assignors of the plaintiff) " before the making of the assignment with respect to the assignment of that claim ? " This was objected to on the part of the plaintiff, and the objection was sustained. The court say : " The conversation inquired about does not appear to have been a part of any *res gestœ*, and was clearly incompetent to bind or affect the plaintiff. The mere declarations of an assignor of a chose in action, forming no part of any *res gestœ*, are not competent to prejudice the title of his assignee, whether the assignee be one for value, or merely a trustee for creditors, and whether such declarations be antecedent or subsequent to the assignment."

The same witness was asked the further question : " Who told you to pay the amount to Mr. Slater ? " And it was also excluded. *Held* no error.

*Blumenstiel & Hirsch* for appellants.

*Chauncey S. Truax* for respondent.

Earl, J., reads for affirmance.
All concur, except Miller, J., not voting.
Judgment affirmed.