# MEMORANDA

OF THE

*CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS VOLUME, WHICH ARE NOT REPORTED IN FULL.*

JOHN FLANNERY, Appellant, v. J. WESLEY VAN TASSEL, Respondent.

Where the title of a vendee of personal property who purchased in good faith is attacked as fraudulent by creditors of the vendor, the declarations of a vendor, when not a party, made previous to the sale, to a stranger, in the absence of the vendee, are not competent, save where a conspiracy to defraud between the vendor and vendee has been shown, or where the vendor after the sale continues in possession, exercising acts of ownership over the property, thus raising the presumption that the sale was fraudulent.

(Submitted March 6, 1891; decided April 21, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 24, 1890, which affirmed a judgment in favor of defendant entered upon a verdict and affirmed an order denying a motion for a new trial.

The following is the opinion in full:

" This action was brought to recover the value of a stock of goods and merchandise alleged to have been wrongfully taken from the possession of the plaintiff by the defendant.

" The defense was that they were the goods of one Edward McManus, and that the defendant as sheriff of Dutchess county levied upon them by virtue of an attachment issued in an action brought against McManus by Edward C. Barnes and Albert W. Mapes.

" The evidence on behalf of the plaintiff tended to show that on the 12th day of March, 1889, McManus was short in his accounts as the treasurer of the village of Fishkill Landing in the amount of $1,569.39, for which the plaintiff was liable as his bondsman; that he was also indorser upon two notes of McManus

for fifty dollars each and one for $100; that in addition McManus was owing him ninety dollars for the rent of a barn; that on the morning of that day McManus sold to him the stock of goods in question upon the consideration that he should assume and pay the liability of McManus as treasurer, the three notes upon which he was indorser and cancel the amount that McManus was owing him, all of which was done. The plaintiff, through his attorney Mr. Hustis, immediately took possession of the stock of goods and put one John McManus, a former clerk under Edward McManus, in charge. Two days thereafter the defendant, through his attachment, took possession of the goods and closed the store.

" After the plaintiff had rested, Mapes, one of the plaintiffs in the attachment suit, was sworn as a witness for the defendant, and was permitted under an objection and exception by the plaintiff, to give evidence of the declarations made by Edward McManus on the evening before the sale to himself and several others in reference to his financial condition, in which he stated that he was perfectly solvent; that he had sufficient upon his books to pay all of his creditors; that the report in reference to his being short in his accounts as treasurer of the village was not true; that there was only a discrepancy in his accounts amounting to between two and three dollars; that he had not absented himself from his place of business to avoid the service of process, etc.

" We are of the opinion that the evidence in reference to these declarations was improperly received. It enabled the defendant to argue before the jury that on the evening before the transfer of the goods in question to the plaintiff, McManus falsely represented his financial condition to be solvent and that the report of his defalcation as treasurer was untrue, thus materially prejudicing the plaintiff's claim.

" Undoubtedly all that was said and done by parties upon the occasion of the transfer of personal property may be given in evidence as part of the *res gestæ*, so also may the declarations of a party to the action be given as against himself, but not against the others, for as to them it would be mere hearsay. Ordinarily the declarations of a vendor when not a party, made to a stranger in the absence of the vendee, are not com-

petent as evidence affecting the title of a purchaser of personal property, in good faith and for value, either before or after its transfer.    To this rule there are exceptions, as for instance, where a conspiracy between the vendor and vendee to defraud is first shown to have existed, or where the party holds as a privy by representation, or in such a representative character as between whom and the declarant there is a community of interest in the event of the suit, or where the vendor after the sale still continues in possession, exercising acts of ownership over the property, thus raising the presumption that the sale was fraudulent.

" The cases in which the question has been considered are quite numerous and are about evenly divided between declarations made before and those made after the transfer.    As to the latter, there appears to have been no question about the rule.    It is elementary and settled by an unbroken line of authorities.    As to declarations made before transfer, the rule at one time appears to have been in some confusion; but it was finally settled in the case of *Paige* v. *Cagwin* (7 Hill, 361), in which Senator Lott, in an elaborate opinion, reviews all of the authorities and disposes of the question.    In *Dodge* v. *Freedman's Savings and Trust Co.* (93 U. S. 379), Mr. Justice HUNT, in delivering the opinion of the court, commenting upon the evidence of declarations, says : ' Evidence of this character was given by each party and admitted, notwitstanding the objection of the other.    No principle can be found to justify the admission of this evidence.    It has long been settled that the declarations made by the holder of a chattel or promissory note while he held it, are not competent evidence in a suit upon it or in relation to it by a subsequent owner.    This was settled in the state of New York in the case of *Paige* v. *Cagin* (7 Hill, 361), and is now admitted to be sound doctrine.'

" In the case of *Truax* v. *Slater* (86 N. Y. 630), the plaintiff, as assignee for the benefit of creditors, sought to recover of the defendants the amount of accounts collected by him upon the ground that they belonged to the assigned estate. The defense was that they had been transferred to the defendant by the assignor before the general assignment.    Upon the

trial, declarations of the assignor were sought to be given in evidence, which was ruled out under objection. On review, the court says : 'The conversation inquired about does not appear to have been a part of any *res gestæ* and was clearly incompetent to bind or affect the plaintiff. The mere declarations of an assignor of a chose in action, forming no part of any *res gestæ* are not competent to prejudice the title of his assignee, whether the assignee be one for value or merely a trustee for creditors, and whether such declarations be antecedent or subsequent to the assignment.'

"To the same effect are the cases of *Bullis* v. *Montgomery* (50 N. Y. 352, 358); *Gardner* v. *Barden* (34 id. 433); *Flagler* v. *Wheeler* (40 Hun, 125); *Flagler* v. *Schoeffel* (Id. 178); *Vidvard* v. *Powers* (34 id. 221); *Jones* v. *East Society of the M. E. Church of Rochester* (21 Barb. 161–174); *Whitaker* v. *Brown* (8 Wend. 490); *Kent* v. *Walton* (7 id. 256); *Stark* v. *Boswell* (6 Hill, 405); *Beach* v. *Wise* (1 id. 612). As to declarations made after transfer, see *Coyne* v. *Weaver* (84 N. Y. 386–392); *Burnham* v. *Brennan* (74 id. 597); *Cuyler* v. *McCartney* (40 id. 221); *Jacobs* v. *Remsen* (36 id. 668–670); *Noyes* v. *Morris* (31 N. Y. S. R. 608), and authorities there cited. And upon the exceptions to the rule, see *Loos* v. *Wilkinson* (110 N. Y. 195–210); *Tilson* v. *Terwilliger* (56 id. 273); *Newlin* v. *Lyon* (49 id. 661); *Adams* v. *Davidson*, 10 id. 309).

"In the case under consideration, the question at issue was as to whether the plaintiff purchased in good faith, paying full value; if he did, he became the owner of the goods. The case is brought within the general rule, and is not affected by any of the exceptions thereto. It consequently follows that the judgment should be reversed and a new trial granted, with costs to abide the event."

*H. H. Hustis* for appellant.

*Howard Thornton* for respondent.

Haight, J., reads for reversal.

All concur, except Follett, Ch. J., dissenting, and Vann, J., not voting.

Judgment reversed.