JOHN FLANNERY, Appellant, v. J. WESLEY VAN TASSEL,
Respondent.

*Court of Appeals, April 21, 1891.*

Reversing same case, 56 Hun, 647, mem.

1. *Evidence. Declarations.*—The mere declarations of an assignor of a
chose in action, when not a party, made to a stranger, in the absence of
the assignee, and forming no part of the *res gestae,* are, ordinarily, in-
competent to prejudice the title of his assignee, whether the latter is one
for value or merely a trustee for creditors, and whether they are antece-
dent or subsequent to the assignment.
2. *Same.*—The exceptions to this rule are, where a conspiracy between the
assignor and assignee to defraud is first shown to have existed, or where
the assignee holds as a privy by representation, or in such a representa-
tive character as between him and the assignor there is a *community of
interest* in the event of the suit, or where the assignor after the assign-
ment still continues in possession, exercising acts of ownership over the
property, thus raising the presumption that the assignment was fraudu-
lent.

Appeal from a judgment of the general term, affirming
judgment entered upon a verdict.

*H. H. Hustis,* for appellant.

*Howard Thornton,* for respondent.

HAIGHT, J.—This action was brought to recover the value
of a stock of goods and merchandise alleged to have been
wrongfully taken from the possession of the plaintiff by the
defendant.

The defense was that they were the goods of one Edward
McManus, and that the defendant as sheriff of Dutchess
county levied upon them by virtue of an attachment issued

in an action brought against McManus by Edward C. Barnes and Albert W. Mapes.

The evidence on behalf of the plaintiff tended to show that on the 12th day of March, 1889, McManus was short in his accounts as the treasurer of the village of Fishkill Landing in the amount of $1,569.39, for which the plaintiff was liable as his bondsman; that he was also endorser upon two notes of McManus for $50 each and one for $100; that in addition McManus was owing him $90 for the rent of a barn; that on the morning of that day McManus sold to him the stock of goods in question upon the consideration that he should assume and pay the liability of McManus as treasurer, the three notes upon which he was endorser and cancel the amount that McManus was owing him, all of which was done. The plaintiff through his attorney, Mr. Hustis, immediately took possession of the stock of goods and put one John Mc-Manus, a former clerk under Edward McManus, in charge. Two days thereafter the defendant through his attachment took possession of the goods and closed the store.

After the plaintiff had rested, Mapes, one of the plaintiffs in the attachment suit, was sworn as a witness for the defendant, and was permitted under an objection and exception by the plaintiff to give evidence of the declarations made by Edward McManus on the evening before the sale to himself and several others in reference to his financial condition, in which he stated that he was perfectly solvent; that he had sufficient upon his books to pay all of his creditors; that the report in reference to his being short in his accounts as treasurer of the village was not true; that there was only a discrepancy in his accounts amounting to between two and three dollars; that he had not absented himself from his place of business to avoid the service of process, etc.

We are of opinion that the evidence in reference to these declarations was improperly received. It enabled the defendant to argue before the jury that on the evening before the transfer of the goods in question to the plaintiff Mc-

Manus falsely represented his financial condition to be solvent and that the report of his defalcation as treasurer was untrue, thus materially prejudicing the plaintiff's claim.

Undoubtedly all that was said and done by parties upon the occasion of the transfer of personal property may be given in evidence as part of the *res gestœ;* so also may the declarations of a party to the action be given as against himself but not as against the others, for as to them it would be mere hearsay. Ordinarily the declaration of a vendor when not a party, made to a stranger in the absence of the vendee, is not competent as evidence affecting the title of a purchaser of personal property, in good faith and for value, either before or after its transfer. To this rule there are exceptions, as for instance, where a conspiracy between the vendor and vendee to defraud is first shown to have existed; or where the party holds as a privy by representation, or in such a representative character as between whom and the declarant there is a community of interest in the event of the suit; or where the vendor after the sale still continues in possession, exercising acts of ownership over the property, thus raising the presumption that the sale was fraudulent.

The cases in which the question has been considered are quite numerous and are about evenly divided between declarations made before and those made after the transfer. As to the latter, there appears to have been no question about the rule. It is elementary and settled by an unbroken line of authorities. As to declarations made before transfer, the rule at one time appears to have been in some confusion; but it was finally settled in the case of Paige *v.* Cagwin, 7 Hill, 361, in which Senator Lott, in an elaborate opinion, reviews all of the authorities and disposes of the question.

In Dodge *v.* Freedman's Savings & Trust Co., 93 U. S. Sup. Ct. Rep., 382, Mr. Justice Hunt, in delivering the opinion of the court, commenting upon the evidence of declarations, says: " Evidence of this character was given each party and admitted, notwithstanding the objection

of the other. No principle can be found to justify the admission of this evidence. It has long been settled that the declarations made by the holder of a chattel or promissory note while he held it are not competent evidence in a suit upon it or in relation to it by a subsequent owner. This was settled in the state of New York in the case of Paige *v.* Cagwin, 7 Hill, 361, and is now admitted to be sound doctrine."

In the case of Truax *v.* Slater, 86 N. Y., 630, the plaintiff, as assignee for the benefit of creditors, sought to recover of the defendant the amount of accounts collected by him upon the ground that they belonged to the assigned estate. The defence was that they had been transferred to the defendant by the assignor before the general assignment. Upon the trial declarations of the assignor were sought to be given in evidence, which was ruled out under objection. On review the court says : " The conversation inquired about does not appear to have been a part of any *res gestœ* and was clearly incompetent to bind or affect the plaintiff. The mere declarations of an assignor of a chose in action, forming no part of any *res gestœ*, are not competent to prejudice the title of his assignee, whether the assignee be one for value or merely a trustee for creditors and whether such declarations be antecedent or subsequent to the assignment."

To the same effect are the cases of Bullis *v.* Montgomery, 50 N. Y. 352–358 ; Gardner *v.* Barden, 34 Id. 433 ; Flagler *v.* Wheeler, 40 Hun, 125 ; Flagler *v.* Schoeffel, Id. 178 ; Vidvard *v.* Powers, 34 Id. 221 ; Jones *v.* The East Society of the M. E. Church of Rochester, 21 Barb. 161–174 ; Whitaker *v.* Brown, 8 Wend. 490 ; Kent *v.* Walton, 7 Id. 256 ; Stark *v.* Boswell, 6 Hill, 405 ; Beach *v.* Wise, 1 Id. 612.

As to declarations made after transfer, see Coyne *v.* Weaver, 84 N. Y. 386–392 ; Burnham *v.* Brennan, 74 Id. 597 ; Cuyler *v.* McCartney, 40 Id. 221 ; Jacobs *v.* Remsen, 36 Id. 668–670 ; Noyes *v.* Morris, 31 N. Y. State Rep. 608 ; and see authorities there cited.

: And upon the exceptions to the rule, see Loos v. Wilkinson, 110 N. Y. 195–210; 18 N. Y. State Rep. 110; Tilson v. Terwilliger, 56 N. Y. 273; Newlin v. Lyon, 49 Id. 661; Adams v. Davidson, 10 Id, 309.

In the case under consideration, the question at issue was as to whether the plaintiff purchased in good faith, paying full value. If he did, he became; the owner of the goods. The case is brought within the general rule, and is not affected by any of the exceptions thereto. It consequently follows that the judgment should be reversed, and a new trial granted, with costs to abide the event.

All concur, except FOLLETT, Ch. J., dissenting, and VANN, J., not voting.

---

## NOTE.

The rule that the mere declarations of a prior holder of a chose in action cannot be given in evidence to affect the title or rights of a subsequent holder, does not apply when they are made at the very time when the chose in action is negotiated to the person who is seeking to enforce it. Benjamin v. Rogers, 126 N. Y. 60. They are then a part of the *res gestae.* Id. But, *it seems,* they are not conclusive and may be controverted. Id.

The rule that the declarations of a payee and prior holder of a note are inadmissible as against a *bona fide* holder was applied in Willson v. Law, 112 N. Y. 536.

Where there was a valuable consideration, and is no evidence of a conspiracy between the vendor and vendee to defraud the former's creditors, proof of his acts and declarations showing a fraudulent intent on his part are inadmissible against the vendee. Bush v. Roberts, 111 N. Y. 278.

The declarations of a chattel mortgagor made after the execution of the mortgage as to his intent in making several contemporaneous transfers of property, and as to his pecuniary condition, are not admissible against the mortgagee in an action in which a creditor seeks to avoid the mortgage. Spaulding v. Keyes, 125 N. Y. 113.

Declarations of an assignor are inadmissible against a subsequent purchaser of the chose in action for value. Robinson v. Bishop, 39 Hun, 370; Truax v. Slater, 86 N. Y. 630; Von Sachs v. Kretz, 72 Id. 548; Bullis v. Montgomery, 50 Id. 352.