JOHN W. GRISWOLD AND ANOTHER, RESPONDENTS, *v.* LEANDER W. BURROUGHS AND JOHN STIMSON, APPELLANTS, IMPLEADED WITH FREDERICK W. LIPE.

*Replevin — a sale defeasible for fraud — when a demand must be made before suit — declarations of the fraudulent vendee — res gestæ — adjournment.*

A vendor, upon discovery that his property has been obtained by means of fraud, may, without demand, reclaim it by suit, from the fraudulent vendee thereof, unless the property has come into the hands of a *bona fide* purchaser, but where such property in the hands of a fraudulent vendee is attached by another creditor of the vendee before an attempt has been made to rescind the alleged fraudulent sale, the possession of the attaching creditor, or of the sheriff for him, is lawful, and it is necessary that there should be a demand by the vendor, and a refusal to deliver by the creditor or the sheriff, before an action can be maintained against such creditor or sheriff by the vendor.

Declarations of the fraudulent vendee, not a party to such an action, and which were

no part of the *res gestœ*, are not competent as against creditors of the vendee, or the sheriff representing them.

Duty of a justice of the peace to receive an affidavit and take testimony as to the propriety of an adjournment, upon the defendant's application therefor, considered.

APPEAL by the defendants, Leander W Burroughs and John Stimson, from a judgment of the Madison County Court, entered in the office of the clerk of Madison county on the 27th day of May, 1889, affirming the judgment of a Justice's Court for the return of certain personal property to the plaintiffs.

The action was commenced in October, 1888, and proceedings in replevin were taken. Frederick W. Lipe, the alleged fraudulent vendee of the property, who is named as a defendant in the summons and proceedings, was not served with the summons. The defendants Burroughs and Stimson appeared and joined issue before the justice. The issues were tried before a jury and the return of the justice is to the effect, viz. : " Jury retire and return a verdict for plaintiffs for possession of property. Jury discharged. Judgment entered of twelve dollars costs against defendants."

*George N. Bauder*, for the appellants.

*D. M. Tuttle*, for the respondents.

HARDIN, P. J. :

Plaintiffs, by their agent Iler, sold to Lipe 120 bundles of wire in the month of September, or the fore part of October. While the property was in the freight-house of the New York Central depot, one Bauder procured an attachment from a justice of this court, which was put into the hands of the sheriff, one of the defendants, and his deputy, the other defendant, levied upon the property prior to the commencement of this action. Plaintiffs bring this action seeking to rescind the contract of sale which they made of the property to Lipe, on the ground that the same was induced by fraud, in that the purchaser, Lipe, did not disclose that he was insolvent at the time of making the purchase of the property. Lipe was not called as a witness at the trial. John Hodge was called as a witness and testified that he had had a conversation with Lipe, and upon his being asked to state the conversation the defendants objected to it as incompetent, immaterial, irrelevant; the objections

were overruled. The witness then testified: "He asked me if it ever occurred to me how easily he could establish credit with manufacturers of bale ties, or those he bought of, by paying cash on the start, then get credit for a short time and finally place a large order and dispose of it for less than it cost before it came due, and let them get their pay the best way they could." Defendant Lipe not having been served with process was not a party to this action. The admission of evidence which we have quoted of his declarations was error. When the witness Bennett was upon the stand he referred to a conversation he had had with Lipe, about the twenty-eighth of September, and when he was asked to state it, objections were made and the justice overruled the objections. We think the evidence was improperly received.

The cause having been adjourned to the 20th of December, 1888, the parties appeared before the justice and an application was made for an adjournment. In the early part of the application it appeared to have been predicated upon the desire of the defendants to have a commission to take the testimony of Lipe. Objections were raised and the application was denied. The defendants proposed to submit an affidavit on the application to procure the adjournment, and the court refused to receive the affidavit. A further application was made by the defendants Burroughs and Stimson for an adjournment on the ground that there are necessary and material witnesses whose attendance they had not been able to procure, and offer to swear witnesses to make a case, and also ask the court to file an affidavit of H. L. Bander, in addition. The above offer refused by the court. No good reason appears why the justice should not have entertained the application and taken what evidence the defendants were able to furnish of the necessity for an adjournment; of the materiality of the witnesses whose attendance they sought. It seems the justice applied a very stringent rule, and that, assuming that the question of an adjournment at that stage rested largely in his discretion, it is more than probable that he abused the discretion.

The justice, by his return, fails to show that he entered a judgment in accordance with the verdict "for the return of the property." It seems to me the justice's judgment, and the judgment of the County Court affirming the same, should be reversed.

MARTIN, J.:

The plaintiffs in this action sold the wire in question to one Lipe. It was delivered at the station at Oneida. While there it was attached by one of the defendants as sheriff. The plaintiffs subsequently sought to rescind the contract of sale and recover the wire on the ground that it was obtained by fraud. Fraud in such case, does not intercept the passing of the title to the purchaser, but the title acquired is defeasible, subject to the right of the vendor on discovery of the fraud to reassert his original right and reclaim the property, unless it has come to the hands of a *bona fide* purchaser. (*Goodwin* v. *Wertheimer*, 99 N. Y., 152.) And where the original possession of the defendant is lawful and not tortious, it is necessary to change the character of his possession by a demand and refusal before the plaintiff can maintain an action to recover the property. (Id., 153.)

In the case at bar the sale of the wire in question was not void, but voidable. It was valid, and passed the absolute title to Lipe, subject to the right of the plaintiffs to rescind the sale on the discovery of fraud and reclaim the goods. The interest which Lipe thus acquired the defendant attached, and took possession of the property. His possession was lawful, even against the plaintiffs, until they rescinded the contract. His original possession having been lawful, a demand and refusal were necessary to change its character before this action could be maintained. (*Goodwin* v. *Goldsmith*, 49 Sup. Ct. R. [17 J. & S.], 101.)

This case is clearly distinguishable from those cited by the respondents. In those cases the officer was a wrong-doer when the property was attached or levy made. In this case Lipe owned the property when the attachment was levied, and the defendant was not a wrong-doer in attaching it. If the plaintiffs had not subsequently rescinded the contract, they would have had no interest whatever in the wire in question. The title would have continued in Lipe. After such rescission, they could only change the character of the defendant's possession by a demand and refusal. I think the court erred in not granting the defendant's motion for a nonsuit.

I, therefore, concur in the result of the opinion of HARDIN, P. J.

Merwin, J. :

I think the appellants Burroughs and Stimson were entitled to have a demand made before suit, and for lack of this the plaintiffs must fail. The declarations of Lipe, as testified to by John Hodge, were simply admissions by Lipe, and were clearly inadmissible against the appellants. (*Truax* v. *Slater*, 86 N. Y., 630 ; *Flannery* v. *Van Tassel*, 37 N. Y State Rep., 228, and cases cited.) For these reasons I favor reversal.

Judgment of the County Court of Madison county and that of the Justices' Court reversed, with costs.