Engelbert Hardt and Others, Respondents, *v.* Theresa Schwab and Joseph Lillienthal, Appellants, Impleaded with Others.

*Fraudulent assignment for creditors — judgments by confession against the assignor — a just claim used to defraud creditors.*

Upon the trial of an action brought to set aside an assignment as fraudulent and void as to creditors, and also to set aside four certain judgments entered upon confession by the assignor, on the ground that they were made with intent to cheat and defraud creditors, it was shown that Emanuel Schwab and Jacob Schwab had been partners, transacting business under the firm name of Schwab & Son; that, prior to November 25, 1887, Jacob Schwab died, leaving Emanuel Schwab the surviving partner of that firm; that, on the 25th day of November, 1887, Emanuel Schwab confessed four judgments; one for $2,021.47 in favor of Levi J. Gazan, which was entered and docketed at eleven o'clock A. M.; one for $5,053.97 in favor of Joseph Lillienthal, which was entered and docketed at eleven o'clock and one minute A. M.; one for $4,857.97 in favor of Theresa Schwab, which was entered and docketed at eleven o'clock and two minutes A. M.; and one for $751.89 in favor of Meyer Guggenheim, which was entered and docketed at eleven o'clock and three minutes A. M.; that executions were immediately issued upon such judgments and a levy was made thereunder upon all of the leviable assets of Emanuel Schwab.

That on the same day, Emanuel Schwab, as surviving partner and individually, executed a general assignment for the alleged benefit of creditors, which was recorded at eleven o'clock and thirty minutes A. M. of said day, immediately after the sheriff had taken possession of the assignor's property under the executions. On the 6th day of September, 1887, the property levied upon by the sheriff was sold under execution for $13,748.68, of which Joseph Lillienthal purchased to the amount of $4,147.09, J. Frank to the amount of $6,358.87, J. Gazan to the amount of $764.72, and James Dreyfuss to the amount of $622.87. The same person was the attorney for the plaintiffs in the actions in which the judgments were confessed, and also for the assignor in the making of the assignment and in the matters connected therewith.

None of the property purchased by the above-mentioned persons was removed from the place where it was sold, which was the place of business occupied by Schwab & Son at the date of the assignment, but was left there and taken possession of by a new firm known as Schwab Brothers, composed of two brothers of the assignor, the judgment debtor. This firm employed the assignor as general manager of the business of the new firm at a salary of fifty dollars per week, and thereafter the business of Schwab Brothers was continued on the same premises occupied by the former firm of Schwab & Son with the property purchased at the sale, no money being invested in the business by the new firm.

The trial court found that the assignment was fraudulent and void, and that the judgments were recovered, the executions issued and the sale made with intent to delay, cheat and defraud the creditors of Emanuel Schwab.

*Held,* that the judgment was supported by the weight of evidence;

That a decision in favor of the defendants would have been set aside as against the weight of evidence.

A creditor having a just claim against a failing debtor must not use it for the purpose of placing the property beyond the reach of other creditors, and for the benefit of the failing debtor, and if he does, he is liable to refund any sum that he has acquired by such action.

APPEAL by the defendants Theresa Schwab and Joseph Lillienthal from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, rendered at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 13th day of May, 1890, adjudging a general assignment made by the defendant Emanuel Schwab to be fraudulent and void, and adjudging two out of four certain judgments entered against the assignor upon confession fraudulent and void, and of no effect as against the plaintiffs, and appointing a receiver of the property, and the proceeds thereof adjudged to have been fraudulently transferred; and from a final judgment of the Supreme Court in favor of the plaintiffs, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 9th day of November, 1892, directing that the receiver appointed by the interlocutory judgment recover of the defendant Theresa Schwab $6,177.72, and of the defendant Joseph Lillienthal, $6,426.97, with notice of an intention on the part of the appellants to bring up for review on such appeal the interlocutory judgment entered herein.

*John H. V. Arnold,* for appellant Schwab.

*Samuel Greenbaum,* for appellant Lillienthal.

*Blumenstiel & Hirsch,* for the respondents.

FOLLETT, J. :

For some years prior to November 25, 1887, Emanuel Schwab and Jacob Schwab were partners in the city of New York under the firm name of Schwab & Son. Before the date last mentioned

Jacob Schwab died, leaving Emanuel Schwab the surviving partner of that firm.

On the 25th day of November, 1887, Emanuel Schwab confessed four judgments; one in favor of Levi J. Gazan for $2,021.47, which was entered and docketed at eleven o'clock A. M.; one in favor of Joseph Lillienthal for $5,053.97, which was entered and docketed at eleven o'clock and one minute A. M.; one in favor of Theresa Schwab for $4,857.97, which was entered and docketed at eleven o'clock and two minutes A. M.; one in favor of Meyer Guggenheim for $751.89, which was entered and docketed at eleven o'clock and three minutes A. M. Executions were immediately issued upon said judgments, and prior to the filing of the general assignment herein-after mentioned, were levied upon all of the leviable assets of Emanuel Schwab.

On the same day, Emanuel Schwab, as surviving partner and individually, executed a general assignment to Herman Frohman for the alleged benefit of creditors, which was recorded in the office of the clerk of the city and county of New York at eleven o'clock and thirty minutes A. M., immediately after the sheriff had taken possession of the assignor's property under the aforesaid executions.

On the 6th of December, 1887, the property was levied on by the sheriff and was sold under said executions for $13,748.68. Of the property so sold, Joseph Lillienthal purchased to the amount of $4,147.09; J. Frank, $6,358.87; J. Gazan, $764.72; James Drey-fuss, $622.87.

Leopold Wallach was the attorney for the plaintiffs in these actions and also for the assignor in the making of the assignment and matters connected therewith. None of the property purchased by the above-mentioned persons was removed from the premises where it was sold, being the place of business which Schwab & Son had occupied to the date of the assignment, but was left thereat and taken possession of by a new firm known as Schwab Bros., composed of two brothers of the assignor and judgment debtor. This firm employed the assignor and judgment debtor as general manager of the business of the new firm at a salary of fifty dollars per week, and thereafter the business of Schwab Bros. was continued on the same premises occupied by the former firm of Schwab & Son with the property purchased at the sale, no money being invested in the

business by the new firm.   The foregoing facts are not disputed; and from these and many other incriminating facts and circumstances the court found that the assignment was fraudulent and void, and that the judgments were recovered, the executions issued and a sale made with intent to delay, cheat and defraud the creditors of Emanuel Schwab.   The appellants do not assert that any error was committed in the admission or exclusion of evidence on the trial, but insist as their sole ground for a reversal that the decision is contrary to the weight of evidence.   This contention cannot be sustained.   The evidence that these parties entered into a conspiracy to transfer the title to these goods to third parties to put them beyond the reach of creditors and for the benefit of Emanuel Schwab is overwhelming, and it is quite useless to enter into a discussion of it.   We think that the judgment is not only supported by the weight of evidence, but that a decision in favor of these appellants would have been set aside as against the weight of evidence.   A companion case (*Abegg* v. *Schwab*, 31 N. Y. St. Repr. 139) has been before the court.   That was an action to set aside the assignment as fraudulent.   In that case as in this the defendant sought to reverse the judgment upon the ground that it was not sustained by the evidence.   In discussing the question the court said: "The debtor simply kept the property under the weak device of a partnership between a couple of his clerks (who, as we have seen, were his brothers), and agreed, nominally through these brothers, to pay the judgment creditors as he realized from the goods.   There was a pretense that the judgment creditors bid at the sheriff's sale to protect their judgments.   But that was a very shallow pretense, for there was ample property to cover their judgments, and besides, the biddings had no relation to the judgments.   In fact, this pretense was worked out in a singularly inartistic and slovenly fashion, reflecting but little credit upon the directing mind."   This language is as applicable to this case as to the one then under consideration.   It is urged that it is established beyond doubt that the debts for which these judgments were recovered were just ones, due and owing from the judgment debtor to the judgment creditor.   This may be true, but a creditor having a just claim against a failing debtor must not use it for the purpose of placing the property beyond the reach of other creditors and for

the benefit of the failing debtor. If he does he is liable to refund any sum that he has acquired by such attempt, and if it results in a loss of his claim it is not too severe a punishment for the offense.

The judgment should be affirmed, with costs.

O'Brien and Parker, JJ., concurred.

Judgment affirmed, with costs.