(36 App. Div. 107.)

### SOMMER v. ADLER et al.

(Supreme Court, Appellate Division, First Department. January 13, 1899.)

1. SALES—RESCISSION BY SELLER—RIGHTS OF THIRD PERSONS—DECLARATION OF BUYER.

Declarations of the vendee, made subsequent to the sale, as to fraud practiced by him on the vendor in inducing the sale, are inadmissible in an action by the latter to recover the goods, because of such fraud, from one holding them under execution against the vendee.

2. REPLEVIN—MEASURE OF DAMAGES.

A seller of cloth in the piece, who had by fraud been induced to make the sale, on replevying in the alternative from one holding them under execution against the buyer after the latter had manufactured the cloth into clothes which contained material of his own can recover the value of the goods only, and not the value of the manufactured article, under Code Civ. Proc. §§ 1726, 1730, requiring a verdict in replevin, which awards a chattel to one not then in possession of it, to fix its value at the time of trial.

Appeal from trial term, New York county.

Action by Rudolph Sommer against Alfred Adler and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Herbert R. Limburger, for appellants.
Arthur Furber, for respondent.

INGRAHAM, J. This action was originally brought against the sheriff of the county of New York to recover possession of certain goods levied upon by the sheriff under a judgment against one Bloomingdale. The present defendants, as sureties upon a bond given to the sheriff to indemnify him, were substituted as defendants in place of the sheriff. The plaintiff claimed the goods described in the complaint as having been sold by him to Bloomingdale, said sale having been induced by fraudulent representations made by Bloomingdale. The representations relied on by the plaintiff were statements by Bloomingdale to the plaintiff as to his property and indebtedness. The only evidence offered by the plaintiff to show that such representations were false was declarations made by Bloomingdale long after the sale, the plaintiff being allowed to testify to such representations against

the objection and exception of the defendants. We think this evidence was clearly incompetent, and that at the close of the plaintiff's case there was no evidence to show that the representations made by Bloomingdale were untrue. The sheriff had acquired a lien upon this property by virtue of the execution against Bloomingdale before the plaintiff had disaffirmed the sale, and sought to recover the possession of the property in question. Bloomingdale was not a party to the action, and to establish the right to rescind the sale and devest Bloomingdale, or those claiming under him, of the title that had vested in him by the sale and delivery of the goods, the plaintiff was bound to prove that the sale had been induced by fraud.

It has been settled in this state since the case of Paige v. Cagwin, 7 Hill, 368, that declarations of the owner of property not a part of the res gestæ are not competent in an action brought against a transferee or others who have acquired a title to or interest in the property in good faith from the person whose declarations are sought to be proved. There are certain exceptions to this rule which are stated in the case of Flannery v. Van Tassel, 127 N. Y. 631, 27 N. E. 393, but which do not apply to this case. In Truax v. Slater, 86 N. Y. 630, it is said:

"The conversation inquired about does not appear to have been a part of any res gestæ, and was clearly incompetent to bind or affect the plaintiff. The mere declarations of an assignor of a chose in action forming no part of any res gestæ are not competent to prejudice the title of his assignee, whether the assignee be one for value or merely a trustee for creditors, and whether such declarations be antecedent or subsequent to the assignment."

The defendants, however, introduced evidence tending to show that some of the declarations alleged to have been made by Bloomingdale were false, and it is possible that the defendants supplied the proof, which was sufficient to justify a submission of the question as to the falsity of the Bloomingdale representations to the jury.

There is another objection, however, which requires a reversal of the judgment. The property sold by the plaintiff to Bloomingdale consisted of cashmeres and flannels in the piece; and, after Bloomingdale had purchased them, and before the plaintiff had taken any steps to rescind the sale, Bloomingdale had a portion of the goods made up into clothing, whereby their value was greatly enhanced by the labor and by other materials furnished by Bloomingdale; and the plaintiff in this action attempted to replevy the manufactured articles as well as that part of the property sold which was in the original pieces, and the character of which had not been changed by Bloomingdale. The goods the plaintiff seeks to recover are described in the complaint as pieces of cheviot cloth, cashmere cloth, and flannel, and the complaint alleges that the plaintiff was the owner of, and entitled to the possession of, such goods and chattels; that the sheriff had possession thereof, and wrongfully detained said property from the plaintiff; that the plaintiff has sustained damage by reason of the refusal of the sheriff to deliver to him the goods or the value of the goods; and the complaint demands judgment for the recovery and possession of the goods, or for the alleged value thereof, in case delivery cannot be had. The goods were not delivered to the plaintiff under his writ, but were retained by the sheriff, the defendants giving a bond to indemnify the sheriff; and the

question was thus presented whether the plaintiff was entitled to
have the value of the property involved fixed as the value of the goods
sold by the plaintiff to the defendants which the plaintiff had sought
to recover, or the value of the manufactured articles in the manufac-
ture of which some of the plaintiff's goods had been used; the plaintiff
insisting that he was entitled to recover the value of the manufactured
articles, and the defendants that the plaintiff was only entitled to re-
cover the value of the property which he had delivered to Blooming-
dale, not enhanced in value by the materials furnished or labor ex-
pended by Bloomingdale in changing the character of the goods sold
and delivered from piece goods into made up clothing.    The action of
replevin is regulated by Code, art. 1, tit. 2, c. 14.    By section 1726 of the
Code it is provided that:

"The verdict, report or decision must fix the damages, if any, of the pre-
vailing party.    Where it awards to the plaintiff a chattel, which has not been
replevied, or where it awards to the prevailing party a chattel, which has
been replevied, and afterwards delivered by the sheriff to the unsuccessful
party, or to a person not a party, it must also, except in a case specified in
the next section, fix the value of the chattel, at the time of the trial."

By section 1730 it is provided:

"Final judgment for the plaintiff must award to him possession of the chat-
tel recovered by him, with his damages, if any.    If a chattel recovered was
not replevied, or if, after it was replevied, it was delivered to the defendant,
or to a person not a party, as prescribed in this article, the final judgment
must also award to the plaintiff the sum fixed as the value thereof, to be paid
by the defendant, if possession thereof is not delivered to the plaintiff."

The chattel in this case which the plaintiff sought to recover, and
which he was entitled to replevy, was the piece goods sold by the
plaintiff to Bloomingdale.    He did not claim in the complaint the
right to recover the possession of any property other than that which
he had sold and delivered to Bloomingdale; and, assuming that under
the writ of replevin he would have been entitled to take the property
which he had sold to Bloomingdale in whatever condition he found it,
if for any reason that property was not delivered to him, he would be
entitled to recover only the value of the property which he had sold
to Bloomingdale, the title to which, upon the rescission of the sale, had
revested in him.    The sheriff was entitled to hold under his execution
Bloomingdale's property; and as against the sheriff the plaintiff's right
to recover would be limited to the value of his property which the
sheriff had seized.

The principle stated in the case of Silsbury v. McCoon, 3 N. Y. 379,
and which has been much discussed, but which may be said to state the
settled law of this state, does not apply.    In that case the plaintiff had
stolen some corn from the defendant, and manufactured it into whisky.
The defendants afterwards seized the whisky, and the plaintiffs brought
an action of trover, claiming that the seizure by the defendants was a
conversion.    The question raised was whether the defendants' title to
the corn was extinguished by its conversion into whisky.    There the
person who had converted the corn into whisky never had any title to
the corn, the plaintiffs in that case being mere wrongdoers, who had
stolen the property of another.    The distinction between that case
and this is clear.    Here Bloomingdale had acquired a good title to

these goods, and, while owning the goods, had manufactured them into clothing. By reason of a fraud which gave to the plaintiff the right to rescind that sale, the title to the goods sold and delivered to Bloomingdale reverted to the plaintiff. He thus became entitled to retake the property that once had been his, but which he had transferred to Bloomingdale. If it became impossible to separate the goods which he had sold from other goods or property of Bloomingdale's, it may be that he would be entitled to the possession of his own goods, although that involved also the taking possession of what Bloomingdale had added to the plaintiff's property in the process of manufacture; not because he was entitled to the manufactured articles, but because he was entitled to retake the property, the title to which was in him, and the possession of which he could not obtain without at the same time taking the property which Bloomingdale had added to that to which the plaintiff was entitled. But when the question was not as to the property that he was entitled to take physical possession of, but as to the value of the chattels of which plaintiff was the owner, we think such value was that of the property which belonged to the plaintiff, and that, if he obtains a judgment for the value of such goods, he will have obtained a full indemnity. This was expressly decided in the case of Single v. Schneider, 30 Wis. 572, and the same principle was applied in Dyke v. Transit Co., 22 App. Div. 360, 49 N. Y. Supp. 180. This point was raised by the request made by the defendants that the jury be instructed that the plaintiff was entitled to recover for the value of his own goods, and not for the value of the goods manufactured. This request was denied, and to that the defendants excepted.

For these reasons we think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.