(68 App. Div. 277.)

## LEVY y. HAMILTON.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

**1. FRAUDULENT MORTGAGE—CREDITORS.**

Intestate, apprehending the filing of certain suits, placed a mortgage on the property used in his business, made some months previously to his wife, for a sum far in excess of that owed to her on record, and remained in possession, doing business under his own name, as before. Intestate told plaintiff that the mortgage was a mere matter of form, and that he could have it taken off at any time, and plaintiff furnished him goods in reliance thereon. Intestate's wife filed a renewal statement, claiming the entire amount of the mortgage as a just debt. *Held*, that both intestate and his wife participated in a fraud to hinder and delay creditors.

**2. EVIDENCE—DECLARATION OF MORTGAGOR—ADMISSIBILITY.**

Where a mortgagor retains full possession of the property mortgaged with the mortgagee's knowledge and consent, declarations made by the mortgagor are competent as evidence against the mortgagee in an action ·brought after the mortgagor's death to set aside the mortgage as in fraud of creditors, though made after the execution of the mortgage.

**8. FRAUDULENT MORTGAGE—PARTIAL CONSIDERATION.**

A mortgage which is void as in fraud of creditors, because founded in part upon a pretended debt, will not be sustained to the extent of the honest debt as against creditors, though their claims may have been created since the filing of the mortgage. and with knowledge of its existence.

Appeal from special term, Kings county.

Action by Adele Levy, for the benefit of herself and others, against Josephine ·Hamilton, individually and as administratrix of the estate of Henry Hamilton, deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Martin E. Halpin, for appellant.
Ira Leo Bamberger, for respondent.

HIRSCHBERG, J. The plaintiff's judgment is founded on a finding that a chattel mortgage which the defendant's intestate gave to the defendant for $15,000 was made with intent to hinder, delay, and defraud creditors, in which intent she participated. On appeal from a judgment in favor of the defendant, in an action brought by another creditor, the same mortgage was the object of attack, but in that case the court at special term found that the plaintiff had failed to establish the allegations of her complaint, and, concurring in that view, this court affirmed the judgment. See Edmondson v. Hamilton, 60 App. Div. 630, 69 N. Y. Supp. 857. In the present case the evidence abundantly sustains the findings of the court at special term, and entitles the plaintiff herein to the relief which has been granted.

Without entering into minute details, it is sufficient to say that the intestate, while engaged in the livery business in the month of June, 1897, had reason to apprehend that a number of suits would be brought against him because of the well-known Valley Stream disaster, in which a railroad train collided with a coach driven by one of his servants. The accident occurred on Decoration Day, May 30, 1897, and suits were commenced and pending in the month of June. On the 11th day of June, 1897, a mortgage executed by him to his wife, the defendant, was placed on record, covering all his personal property used in the business. The mortgage was made for $15,000, but he did not owe her that amount, nor does she claim that he owed her, if at all, more than the sum of $1,800. The mortgage bears date the 1st day of February, 1897, but was purposely kept from record until June 11, 1897, and that it was recorded in order to avoid the consequences of the suits is fairly proven. The intestate remained in full possession of the business and property until his death, conducting it in the same manner as before the filing of the mortgage and under his individual sign. The enforcement of the mortgage would have rendered him unquestionably insolvent. The plaintiff's dealings with him cover the period referred to, and, on discovering the filing of the mortgage, her agent had a conversation with him in reference to it, in which he said, by way of explanation: "I had a collision,— one of my stages at Valley Stream. I expect to be sued,—to be a party in the suit. It is merely a matter of form. It is made to my wife. I can have it taken off at any time." The chief, if not the entire, dealings which occasion the plaintiff's claim were had thereafter, and presumably in the confidence engendered by these statements that the mortgage was not intended to hinder her. The defendant claims that she did not know that her mortgage was for an excessively fictitious amount, but the court has found to the contrary, and the finding is well based upon the facts that she filed a renewal statement claiming the entire amount as a just debt, that she foreclosed the mortgage realizing and keeping nearly $3,000, and that she presented upon the accounting in surrogate's court a

verified claim for over $12,000 as deficiency. This statement of the facts justifies the conclusion that the finding of fraud upon the part both of the mortgagor and of the mortgagee is supported by adequate proof.

The declarations of the deceased were competent as evidence against the defendant, notwithstanding they were made after the mortgage, inasmuch as he still retained full possession of the property, with her knowledge and consent. Adams v. Davidson, 10 N. Y. 309; Flannery v. Van Tassel, 127 N. Y. 631, 27 N. E. 393, and cases cited.

The mortgage is not available against the plaintiff, even assuming that the defendant had a just claim against the decedent for $1,800 at the time of its execution and delivery. The entire security is tainted by the fraud. Davis v. Leopold, 87 N. Y. 620; Baldwin v. Short, 125 N. Y. 553, 26 N. E. 928. As was said in Hardt v. Schwab, 72 Hun, 109, 112, 25 N. Y. Supp. 404, "a creditor having a just claim against a failing debtor must not use it for the purpose of placing the property beyond the reach of other creditors and for the benefit of the failing debtor. If he does, he is liable to refund any sum that he has acquired by such attempt, and if it results in a loss of his claim it is not too severe a punishment for the offense." Although the plaintiff's entire claim may have been created since the filing of the mortgage and with knowledge of its existence, the defendant may not defeat it under the mortgage claim. The fact that the plaintiff's debt was subsequently contracted is not conclusive (Savage v. Murphy, 34 N. Y. 508, 90 Am. Dec. 733; Shand v. Hanley, 71 N. Y. 319); and the assurance given the plaintiff that she might extend credit to the deceased with safety notwithstanding the mortgage, and which assurance must, under the circumstances, be regarded as binding upon the defendant, if not made with her actual concurrence, adds an equitable consideration of great weight in reaching this conclusion.

The other points raised by the appellant have been examined, as also the assigned errors in ruling, and nothing has been found to compel reversal. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.