(72 App. Div. 258.)

## AVARD v. CARPENTER.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

FRAUDULENT CONVEYANCE—CONSPIRACY—DECLARATIONS—ADMISSIBILITY.

In an action by a son for conversion of property sold under execution as his father's, the defense was that the property had been transferred by the father to the son in pursuance of a conspiracy to defraud creditors; and it was contended that certain declarations of the father were admissible against the son, because made while the father was in possession of the property. The declarations were shown to have been made prior to the execution sale, and plaintiff testified that the property remained in the father's possession, with his consent, until so sold. Held, that it was error to exclude the declarations.

Appeal from trial term, Madison county.

Action by Jesse S. Avard against Austin B. Carpenter. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

R. J. Fish, for appellant.

E. L. Hunt, for respondent.

SMITH, J. This action is against the sheriff of Madison county to recover damages for the conversion of certain personal property sold by the defendant upon execution against one Alfred Avard, the plaintiff's father. The plaintiff claims title to the property under a bill of sale claimed to have been given by the said Alfred Avard to the plaintiff prior to the levying of the attachment and the sale by defendant, which constituted the conversion of which the plaintiff complains. The defendant contended upon the trial that the sale to the plaintiff was for the purpose of defrauding the creditors of Alfred Avard, and this contention raised the sole issue upon which the case was tried. The defendant, in support of his contention, offered in evidence the testimony of Alfred Avard, given in supplementary proceedings before one D. C. Burke, as referee, upon the 7th day of November, 1899. This was objected to on the part of the plaintiff, and excluded by the learned trial court, to which exception was duly taken. This exception is relied upon by the appellant as ground for the reversal of this judgment. His argument is that this transfer was in pursuance of a fraudulent scheme upon the part of the father and son to place the property beyond the reach of creditors, and that the declarations of the father, though after the sale, while still in possession of the property, are competent evidence against the son. This position seems to find support in Flannery v. Van Tassel, 127 N. Y. 631, 27 N. E. 393; Levy v. Hamilton, 68 App. Div. 277, 74 N. Y. Supp. 159. The proposition of law asserted is not questioned in the respondent's brief, but respondent argues that the declarations were made long after the father parted with both title and possession. In support of his position he cites the case of Lent v. Shear, 160 N. Y. 469, 55 N. E. 2. The argument is thus reduced to a single question of fact: Were these declarations of the assignor made while in possession of this prop-

erty? It appears by the certificate of the referee that the testimony of the assignor was given upon the 7th day of November, 1899. The sale which defendants claim constituted a conversion occurred upon the 11th day of November, 1899. The plaintiff swears, "The property remained there right along in my father's possession until it was sold." The deputy sheriff who made the sale swears that the sale was made upon the farm. Moreover, it appears from the testimony of the plaintiff that this property was left with his father by his consent.

It would seem, therefore, that, inasmuch as the defense rested upon a conspiracy between the plaintiff and his father to defraud creditors, the declarations of the father, made while in possession of the property, should have been admitted. For error in rejecting this evidence, the plaintiff is entitled to a new trial.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.