(75 App. Div. 69.)

### TITTLE v. VAN VALKENBURG et al.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. SPECIFIC PERFORMANCE—CONTRACT FOR SALE OF LAND—ASSIGNMENT—EVIDENCE.

Declarations of an assignor of a contract for the conveyance of land, made before assignment, and tending to show that the contract did not represent the true agreement of the parties thereto, are not admissible to defeat the right of the assignee, who has acquired a perfect title to such contract for a valid consideration, to specific performance thereof according to the terms expressed on its face.

Appeal from special term, Herkimer county.

Suit by Sarah M. Tittle against Alida M. Van Valkenburg, Edward S. Van Valkenburg, and others. From a decree in favor of defendants, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

¶ 1. See Evidence, vol. 20, Cent. Dig. §§ 869, 870.

M. G. Bronner, for appellant.
C. J. Palmer, for respondents.

HISCOCK, J.   This action was brought by plaintiff, as assignee of one Daniel J. Tittle, her husband, to enforce specific performance of a contract for the conveyance of certain real estate made by one Charles A. Van Valkenburg, as proposed vendor, with said Tittle. The contract which gave to said Tittle the right to purchase the real estate in question was contained in a lease under which he took possession of, and for some time occupied, the premises in question. The defense urged to plaintiff's action was that the written contract did not properly or correctly express the agreement which had been made between the parties for the purchase and sale of said real estate, and defendants by their answer asked to have said written contract so reformed as to correspond with the actual terms which had been agreed upon between the parties.   Upon the trial, in support of their defense and prayer for reformation of the contract, defendants were allowed by two witnesses to give evidence of alleged declarations made by plaintiff's assignor before assignment to her of the contract in question, which sustained the claim that said contract was not in accordance with the actual agreement of the parties. This evidence was very material.   In fact, outside of certain features of the agreement between plaintiff's assignor and defendants' intestate, Van Valkenburg, which it is claimed bore upon the probabilities of the controversy, it was the only evidence which directly tended to establish defendants' said defense.   It cannot, therefore, reasonably be held that the evidence was so immaterial that any error in its admission can be overlooked.   We have accordingly the question fairly presented whether declarations of an assignor of such a contract, while still owning the same, may be proved against his assignee, to defeat the latter's rights under the contract.   We do not think that this can be done.   It is not controverted, upon the findings of the court and the evidence, that plaintiff acquired a perfect, completed title to the contract, for a good and valid consideration.   It is, indeed, found that she paid no money for the transfer, but that the same was made in consideration of a past indebtedness.   This, however, as stated, furnished a legal and adequate consideration. No claim can successfully be made that she acquired and held the contract in any manner as a trustee for or representative of her assignor, or that her title to the same was other than an absolute, perfected one.   Under such circumstances, certainly, it would be against the general rule governing the introduction of evidence to permit her rights to be defeated by evidence of alleged disconnected statements made by her assignor before assignment.   Such evidence would manifestly be hearsay.   While there are various exceptions to the broad rule excluding what might generally be denominated "hearsay evidence," none has been called to our attention which, in our opinion, justifies the evidence here questioned.   Upon the other hand, we think that not only principle, but a clear weight of authority, is against its reception.   Bank v. Bolton, 87 Hun, 547,

35 N. Y. Supp. 138; Truax v. Slater, 86 N. Y. 631; Bush v. Roberts, 111 N. Y. 278, 18 N. E. 732, 7 Am. St. Rep. 741; Baldwin v. Short, 125 N. Y. 553, 26 N. E. 928; Sommer v. Adler, 36 App. Div. 107, 55 N. Y. Supp. 483. The case of Von Sachs v. Kretz, 72 N. Y. 548, has been especially pressed upon our consideration as authorizing the rulings made by the learned trial justice upon this proposition. While some general remarks are made in the course of the opinion in that case which, standing by themselves, might seem to be broad enough to sustain respondents' position, we must fairly measure the authority of the case as a whole by the question which was there actually presented for decision. Following such course, we think the decision there made is to be regarded as based upon the theory that the party against whom the declarations were admitted stood in the position of a mere trustee and representative of the party making the declarations, and that, therefore, within principles not applicable to this case, the statements were competent evidence. Bank v. Bolton, 87 Hun, 547, 556, 35 N. Y. Supp. 138. These views lead to the conclusion that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.