BEEKMAN T. BURNHAM et al., Appellants, *v.* MATTHEW T. BRENNAN, Respondent.

Declarations by a vendor after sale and delivery of possession are not competent evidence as against the purchaser in an action wherein the sale is attacked as fraudulent by the creditors of the vendor.

(Argued May 23, 1878; decided June 4, 1878.)

THIS was an action of replevin.

Prior to the 10th day of January, 1873, William H. Lane owned the property in controversy, and on that day he sold an undivided half thereof to the plaintiff, Douglass, and on the fifteenth day of January he sold the other undivided half thereof to the plaintiff, Burnham. Thereafter, in April, one Griggs recovered and docketed a judgment against Lane, and on the fifteenth day of that month an execution was issued upon such judgment and delivered to the defendant

as sheriff, who on the same day levied on and seized the property in question. The property was taken under the execution upon the claim that the transfer thereof by Lane to the plaintiff was fraudulent and void as to the creditors of Lane. On the twenty-ninth day of May, this action was commenced by the plaintiff against the sheriff to recover the possession of the property thus seized, and the property was therein taken from the defendant and delivered to the plaintiffs. There was some controversy at the trial as to whether there was an actual change of the possession of the property at the time of the sale by Lane to the plaintiffs. There was evidence tending to negative such a change. But there was no evidence that Lane continued in possession after the commencement of this suit. On the trial one Pierson was called as a witness by the defendant, and gave evidence that on the 5th day of December, 1873, more than six months after the commencement of this action, he met Lane by appointment at the residence of his son, and there had a conversation with him, in which he stated that he and his son owned the property, that he was not able to take care of it, but that his son took charge of it, that it was free and clear, and that he wanted to sell it ; and he named a price for which he would sell it. This evidence was objected to by plaintiffs, and the objection was overruled. *Held*, error ; that the evidence was clearly incompetent. (*Cuyler* v. *McCartney*, 40 N. Y., 221; *Tilson* v. *Terwilliger*, 56 id., 273) ; also that it could not be said that this evidence was harmless, as it was well calculated to influence the jury, and the judge in his charge called particular attention to it, and telling the jury that they were bound to consider it and give it its due weight, as one of the facts in the case.

*Nelson Smith* for appellants.

*Robert S. Green* for respondent.

EARL, J., reads for reversal and new trial.
All concur, except ALLEN, J., absent.
Judgment reversed.