HORACE BUSH et al., Administrators, etc., Respondents, *v.* HENRY L. ROBERTS, Impleaded, etc., Appellant.

In an action by creditors of the vendor to set aside a transfer of property, where it appears there was a valuable consideration for the transfer, and there is no proof of conspiracy between the vendor and vendee to defraud the creditors of the vendor, proof of acts and declarations of the vendor showing a fraudulent intent on his part are inadmissible against the vendee

The action is only maintainable on proof of actual notice on the part of the vendee of the fraudulent intent, or knowledge of circumstances equivalent to such notice. Notice or knowledge may not be made out from declarations of the vendor.

(Argued October 10, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 20, 1886, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The plaintiffs, as administrators of one Henry T. Wakefield, deceased, brought the present action to have set aside and declared fraudulent and void, as against a judgment recovered by them, a certain conveyance of real and personal property made by defendant Orrin G. Robbins, to defendant Henry L. Roberts. The defendant Robbins did not appear or defend in the action, and the trial was had upon the issues raised by the answer of the defendant Roberts. At the time of the death of the intestate, Wakefield, on November 29, 1883, the defendant Robbins, in whose employ the intestate had been

for many years, was largely indebted to him. That indebtedness was, to some extent, secured by mortgages on a portion of Robbins' farm, and to some extent was unsecured. The judgment, which is the basis of the plaintiff's complaint, was obtained against Robbins on January 10, 1884. The conveyance which is attacked was made on December 7, 1883, and affected a portion of Robbins' farm, which was not covered by the mortgages, and a large amount of personal property located upon it. The consideration for the conveyance was $7,500; which the trial judge found on the evidence to be $1,600 less than the value of the property transferred. At the time of the execution of the conveyance Roberts gave his due bill for the purchase-price, and the deed and due bill were deposited with a third party for three days, when the parties met and the deed and bill were delivered to them as they were respectively entitled thereto under the transaction of sale. Within a few days afterward the deed was recorded and the due bill paid, less the amounts of a judgment for $500 recorded against Robbins and of some unpaid taxes. Soon thereafter Robbins disappeared and was not seen again in that locality.

The further facts, so far as material, are stated in the opinion.

*Watson M. Rogers* for respondent. The burden of proof was upon the plaintiffs to establish every element from which the alleged fraud was sought to be inferred. (Bump on Fraud. Con. 237, 557; 1 Greenl. on Ev. § 80; *Herman* v. *Heard*, 62 N. Y. 448; *Schultz* v. *Hoagland*, 85 id. 464, 467; 13 Viner's Abridg. 515; *Hardman* v. *Bowen*, 39 N. Y. 200; *Nugent* v. *Jacobs*, 103 id. 125.) It cannot be properly urged that the price paid furnished any evidence of fraud. (Wait's Fraud. Con. § 232; Bump on Fraud. Con. 237, 238.) It was lawful for Robbins, even if insolvent, to sell his property and pay his debts. (*Ruhl* v. *Phillips*, 48 N. Y. 125; Bump on Fraud. Con. 234, 235.) And this is so, notwithstanding the effect of it may have been to prefer some creditors over others. (*Bank* v. *Fitch*, 48 Barb. 344; *Beards* v. *Wheeler*, 76 N. Y.

213 ; Wait's Fraud. Con., § 390.) The burden was on the plaintiff to show a fraudulent intent, and facts not found are negatived by implication. (15 Week. Dig. 146 ; *Schultz* v. *Hoagland*, 85 N. Y. 464–467 ; *Jaeger* v. *Kelley*, 52 id. 274 ; *Wilson* v. *Perwit*, 103 U. S. 22.) Roberts being an innocent purchaser for a valuable consideration without notice, his title was good. (3 R. S. [7th ed.] 2330, § 5.) As between the parties, however fraudulent against creditors, the conveyance was binding. (Wait's Fraud. Con. § 395.) The assumption of a new liability is a sufficient consideration to constitute the party assuming it a purchaser in good faith. ( *Williams* v. *Sheeley*, 37 N. Y. 375–378 ; *Matthews* v. *Rice*, 31 id. 457 ; *Seaman* v. *Hasbrouck*, 35 Barb. 151 ; *Platt* v. *Town of Orleans*, 99 U. S. 676–679 ; Wait's Fraud. Con. § 372 ; *Grocers' Bk.* v. *Penfield*, 65 N. Y. 502 ; *Murphy* v. *Briggs*, 89 id. 446.) Declarations made by the payee of a negotiable promissory note, while he owns it, are not admissible against one to whom it is subsequently transferred for value, though the transfer is after maturity. (*Paige* v. *Cagwin*, 7 Hill, 361 ; *Truax* v. *Slater*, 86 N. Y. 631 ; *Bullis* v. *Montgomery*, 50 id. 352 ; *Flynn* v. *Wheeler*, 40 Hun, 125 ; *Vidvard* v. *Powers*, 34 id. 221 ; *Wilds* v. *N. Y. C. R. R. Co.*, 95 N. Y. 274.) Assuming the grant to have been fraudulent, a reconveyance by Roberts would have purged the fraud and relieved him from all liability. (*Cramer* v. *Blood*, 57 Barb. 163 ; Bump on Fraud. Con. 467 ; *Murphy* v. *Briggs*, 89 N. Y. 446–453.)

*Thomas S. Jones* for respondents. The conveyance in question is void, because it was made by defendant Robbins with intent to hinder, delay and defraud his creditors. (3 R. S. [7th ed.] 2329, § 1.) As defendant Roberts had notice of the fraudulent intent of defendant Robbins, he is not entitled to protection as a purchaser for a valuable consideration. (3 R. S. [7th ed.] 2330, § 5 ; *Parker* v. *Conner*, 93 N. Y. 118–128 ; *Roeber* v. *Bowe*, 26 Hun, 554 ; *Stearns* v. *Gage*, 79 N. Y. 102–107 ; *Starin* v. *Kelly*, 88 id. 418.) A person who pays

the purchase-money after knowledge of his grantor's fraudulent purpose is not a *bona fide* purchaser. (*Hunsinger* v. *Hoffer*, 11 N. E. Rep. [Ind.] 463 ; *Rhodes* v. *Green*, 36 Ind. 7 ; *Anderson* v. *Hubble*, 93 id. 570.)

Gray, J. Various facts, which he decided to be proved by the evidence, led the learned trial judge to conclude that the transfer of property by the defendant Robbins to the defendant Roberts was made with the intent to hinder, delay and defraud creditors, and, therefore, was void ; but in the chain of evidence leading to his conclusion, which seems, so far as it establishes knowledge in the vendee, not very weighty, was a conversation had between one of the plaintiffs and Robbins, shortly after the death of the intestate, and prior to the transfer of the property. The evidence of this conversation was elicited on the opening of the plaintiffs' case. Bush, one of the plaintiffs, had testified to a visit, which he and his co-administrator had made to Robbins' house for the purpose of taking possession of the effects of their intestate, and that on that occasion he had a conversation with Robbins " upon the subject of the claims of this estate held against him and this property." He was asked by plaintiffs' counsel to state that conversation. This was objected to by counsel for defendant Roberts, who alone had appeared and was defending the action, on the ground that it was incompetent and immaterial as against that defendant ; but the objection was overruled and the evidence was received. The witness thereupon testified to the statements made by Robbins in the course of the conversation.

It seems to us evident that these statements were deemed of importance and material by the trial judge, because, in his ninth finding of fact, after stating the circumstances of the plaintiff's visit to Robbins' house, he incorporates them. He finds that plaintiffs " had conversation with defendant Robbins, who, in reply to questions put to him by Bush, one of the plaintiffs, informed them that he was a large debtor to said estate ; that it had been allowed to run for years with-

out interest being paid, and he didn't know just how much it was," and other facts which Robbins stated then about the quantity and value of his property. The materiality of the evidence of these declarations of Robbins, obviously, was in their bearing upon Roberts' solvency and his motives and intent as deducible from his admissions, his misrepresentations and his conduct. Roberts, however, was a purchaser for a valuable consideration, and there was no proof establishing any conspiracy between him and his vendor, Robbins, to defraud Robbins' creditors. The force of the action was directed against Roberts, to deprive him of the property which he had bought, and the action could only prevail by proof that he had actual notice of a fraudulent motive on Robbins' part, or knowledge of circumstances which was equivalent to such notice. If he knew, or had believed the motives of his vendor to be fraudulent, then, by aiding him in his scheme, he made himself a party to the fraud. (*Parker* v. *Conner*, 93 N. Y. 118.) But no evidence is competent proof to affect him, or his right to the possession of his property, which falls short of proving the nature of the transaction, and of illustrating the guilty participation of the vendee. If this was a case of a conspiracy to defraud Robbins' creditors, admitted or proved, the admissions or declarations of either would be competent as against the other; the principle of their admissibility assuming the fact of the conspiracy being established. (*Cuyler* v. *McCartney*, 40 N. Y. 221–228.) But this is not such a case, and no proof is admissible as against Roberts, of acts or declarations of Robbins, unless as part of the *res gestæ*, or, unless falling within the rule of admissibility, as being against his, Roberts, interest, and the fact that Robbins is a party defendant does not make them so.

In order that the declarations of a party, which are claimed to be part of the transaction, may be admissible, they must grow out of the principal fact or transaction, illustrate its character, be cotemporaneous with it and derive some degree of credit from it. (*Lund* v. *Tyngsborough*, 9 Cush. 36.) But

proof of the declarations or misrepresentations of Robbins respecting his indebtedness and the value of his property, made before the transfer and before even the negotiations for any transfer, is not competent against Roberts; for they in no sense formed a part of the subsequent transaction between them, and their admission into the case to charge Roberts with the liability to restore the property is, we think, clearly a violation of the principles of evidence in such cases and without support in authority. The question here is whether Roberts had actual notice of Robbins' intent, or the knowledge of circumstances connected with Robbins' act in disposing of his property to defraud his creditors. Did he, for his own advantage, or with no such idea, make himself a participant in the fraudulent plan? Unless the proofs are confined within the limits of charging Roberts with such a participation, the safeguards designed by the rules of jurisprudence as a protection to those who act in good faith and with honest motives are endangered. The trial judge found as facts the existence of the fraudulent intent in the vendor, Robbins, and of notice in the vendee, Roberts, of that intent; but these findings, it is manifest from his decision, rested more or less on the statements of the vendor to the plaintiff Bush. While expressing no opinion here as to the general merits of the case, or as to the weight of the proof, we do say that in a case of such a nature, where the proofs are conflicting and not clearly preponderating against the defendant, the erroneous admission or exclusion of evidence was likely to have affected, in a material degree, the conclusions of the judge.

We see no reason why the principle of the decisions in the cases of *Tousley* v. *Barry* (16 N. Y. 500), and of *Truax* v. *Slater* (86 id. 632), should not control in the present case. In *Tousley* v. *Barry*, JOHNSON, Ch. J., decided that the admission of a previous owner of a chose in action cannot be proved against a purchaser from him, who has bought for a fair consideration and between whom and the former owner there exists no other relation than that of purchaser and seller; that it was not the case of a nominal purchase; the former

owner retaining the equitable interest, but of an actual and complete transfer of all interest to the purchaser.

In *Truax* v. *Slater*, EARL, J., held that "the mere declarations of an assignor of a chose in action, forming no part of any *res gestæ*, are not competent to prejudice the title of his assignee, whether the assignee be one for value, or merely a trustee for creditors and whether such declarations be antecedent or subsequent to the assignment."

We think, for the error pointed out, the judgment should be reversed and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.