FRED E. VAN AERNAM, Appellant, *v.* SOPHRONIA E. GRANGER, Respondent.

*Promissory note — transfer thereof for value before its maturity — presumption from its possession — declarations of an assignor not competent to prejudice his assignee.*

If a promissory note made payable to a certain person or bearer is transferred by the payee to another, for value, before it is due, such transferee thereby becomes the legal owner and holder thereof.

Upon the trial of an action brought upon a promissory note, the production of the note by the plaintiff gives rise to the presumption that he is the owner thereof and that he acquired title to the same before it was due.

The mere declarations of an assignor of a chose in action forming no part of the *res gestæ* are not competent to prejudice the title of his assignee, whether the assignee be one for value or merely a trustee for creditors, and whether such declarations be antecedent or subsequent to the assignment.

APPEAL by the plaintiff, Fred E. Van Aernam, from a judgment of the County Court of Lewis county in favor of the defendant, entered in the office of the clerk of the county of Lewis on the 1st day of March, 1894, upon the verdict of a jury, rendered after a trial before the court and a jury, and also from an order entered in

said clerk's office on the 1st day of March, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

This action was brought to recover upon two promissory notes made by the defendant to the order of Catherine J. Hess. The complaint alleged that the notes were, for value received, before maturity transferred and delivered to the plaintiff.

The answer, *first*, denied each and every allegation of the complaint; *second*, alleged payment in full; *third*, denied the ownership of the plaintiff, and alleged that said notes were the property of Catherine J. Hess and that the pretended ownership and possession of said notes by the plaintiff was not in good faith, but with the intention on the part of Catherine J. Hess and the plaintiff of avoiding a just set-off against the same, which was held by the defendant; and set up a counterclaim alleging the execution of a note by Catherine J. Hess to one Sally J. Wormwood, and that Catherine J. Hess entered into an agreement with the defendant that if the defendant would obtain possession of said note, the same would be deemed a valid set-off against the notes given by the defendant to Catherine J. Hess; and that the said Catherine J. Hess, in such event, would exchange with the defendant the notes mentioned in the complaint, which agreement was fully performed on the part of the defendant, and that the plaintiff at the time of the transfer to him of the notes in suit had knowledge of the agreement between the said Catherine J. Hess and the defendant.

*James D. Smith* and *C. S. Mereness*, for the appellant.

*Merrell, Ryel & Merrell*, for the respondent.

HARDIN, P. J.:

I have carefully read the evidence found in the appeal book, and I am of the opinion that the weight of the evidence indicates that the two notes mentioned in the plaintiff's complaint, bearing date April 4, 1891, payable to Catherine J. Hess, or bearer, were transferred by the payee to the plaintiff before due, for value, and that the plaintiff thereby became the lawful owner and holder of the notes. And I am also of the opinion that the evidence does not indicate that the defendant had a valid offset to the same, and that the verdict is against the weight of evidence.

(2) Upon the trial Corwin was allowed to testify to a conversation he had in November, 1891, with Catherine J. Hess with reference to the two notes in question, after objections thereto were overruled and exceptions taken. Mrs. Wormwood, the payee of the note of $100, was put upon the stand by the defendant and asked in respect to a conversation which she had had in September, 1891, with Mrs. Hess at her residence in regard to the $100 note. When she was asked to state that conversation an objection was raised by the plaintiff and overruled, and an exception taken, and the witness was permitted to give the statements and declarations of the former holder of the notes in suit.

Granger, the husband of the defendant, was called as a witness in her behalf and testified that he held a conversation with Mrs. Hess in June, 1891, with reference to the notes in suit, and when he was asked to state that conversation several objections thereto were taken and they were overruled and an exception was taken, and he was allowed to give the declarations of Mrs. Hess, the former owner of the notes in suit. The production of the notes by the plaintiff upon the trial gave rise to a presumption that he was owner thereof, and acquired title to the same before they were due. (*Wilson* v. *Law*, 7 N. Y. St. Repr. 672; *Benson* v. *Gerlach*, 20 id. 939.) That presumption is strengthened by the evidence given upon the trial, and the evidence offered by the defendant was insufficient to overcome the presumption and the proof of ownership given by the plaintiff during the progress of the trial. If it be correct to assume that the ownership of the notes was in the plaintiff from April, 1891, as the evidence strongly tends to indicate, the declarations received, to which allusion has been made, were improper. (*Paige* v. *Cagwin*, 7 Hill, 381.)

In *Vidvard* v. *Powers* (34 Hun, 223), in an opinion of this court, it was said, viz.: " In *Truax* v. *Slater* (86 N. Y. 630) the general doctrine is laid down by Judge EARL, that the mere declarations of an assignor of a chose of action forming no part of the *res gestæ* are not competent to prejudice the title of his assignee, whether the assignee be one for value or merely a trustee for creditors, and whether such declarations be antecedent or subsequent to the assignment." The same quotation is made with approval near the close of the opinion in *Bush* v. *Roberts* (111 N. Y. 278).

The foregoing views lead to the conclusion that the verdict ought not to be sustained.

MARTIN, J., concurred.

MERWIN, J.:

I concur on the ground that declarations of the former owner were improperly received in evidence.

Judgment and order reversed and a new trial ordered, with costs to abide the event.