DAVID D. LENT, as Receiver of the Property of HENRY D. SHEAR, and JOHN WALKER, Respondents, *v.* HENRY D. SHEAR and SARAH H. SHEAR, Appellants, Impleaded, etc.

1. EVIDENCE — DECLARATION OF GRANTOR. The declaration of a grantor, made after the transfer of both title and possession, cannot be received in evidence against the grantee.

2. DECLARATION OF ALLEGED CONSPIRATOR. The declaration of an alleged conspirator cannot be admitted against an alleged co-conspirator for the purpose of proving the conspiracy.

3. TESTIMONY OF GRANTOR IN SUPPLEMENTARY PROCEEDINGS NOT ADMISSIBLE AGAINST GRANTEE IN ACTION TO SET ASIDE CONVEYANCE AS IN FRAUD OF CREDITORS. The testimony of the judgment debtor in proceedings supplementary to execution is not admissible, as against his grantee, in a subsequent action to set aside as in fraud of creditors a conveyance made by him, under which transfer of title and possession had taken place prior to the giving of the testimony, where, although the grantee was the wife of the grantor and a witness in, but not a party to, the supplementary proceedings, it did not appear, other than by such testimony, that there was either joint interest or privity of design between them.

*Lent* v. *Shear*, 20 App. Div. 624, reversed.

(Argued October 9, 1899; decided October 27, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 19, 1897, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Elijah W. Holt* for appellant Sarah H. Shear. The conveyance from Henry D. Shear to his wife was founded upon a legal and sufficient consideration, was a *bona fide* transfer of the legal title to the premises in suit, and cannot be set aside. The finding of the referee that it was made with intent to defraud is wholly unsupported by the facts in the case, and inconsistent with the other findings of the referee. (*Bush* v. *Roberts*, 111 N. Y. 278; *Parker* v. *Conner*, 93 N. Y. 118; *Stearns* v. *Gage*, 79 N. Y. 102; *Starin* v. *Kelly*, 88

N. Y. 418; *Zoeller* v. *Riley,* 100 N. Y. 102; *Dudley* v. *Danforth,* 61 N. Y. 626; *Baldwin* v. *Short,* 125 N. Y. 553; *Truesdell* v. *Sarles,* 104 N. Y. 164; *Beards* v. *Wheeler,* 76 N. Y. 213; *Knower* v. *C. N. Bank,* 124 N. Y. 552.) The referee has violated well-settled principles of law and equity in awarding to the plaintiffs the judgment obtained in this action. (Wait on Fraud. Conv. 437, 438; Story's Eq. Juris. §§ 258, 349; *King* v. *Wilcox,* 11 Paige, 589; *Boyd* v. *Dunlap,* 1 Johns. Ch. 478; *Bigelow* v. *Ayrault,* 46 Barb. 143; *Ford* v. *Johnston,* 7 Hun, 563; *Van Wyck* v. *Baker,* 16 Hun, 171; *Pond* v. *Comstock,* 20 Hun, 492; *Loos* v. *Wilkinson,* 113 N. Y. 485; *Brown* v. *Chubb,* 135 N. Y. 174; Bump on Fraud. Conv. 564; May on Vol. & Fraud. Alienations, 235; *Clute* v. *Emmerich,* 26 Hun, 10.) Assuming that Mrs. Shear is chargeable with actual fraud, she would still be entitled to a prior lien to secure repayment for a large portion of the moneys paid by her. (*Robinson* v. *Stewart,* 10 N. Y. 189; *Patterson* v. *Birdsall,* 64 N. Y. 297; *Bank* v. *Halsted,* 134 N. Y. 520; *Smith* v. *Wise,* 132 N. Y. 172.) The most that the plaintiffs can exact, in any view of this case, is that the deeds to Mrs. Shear stand only for the purpose of securing her the repayment of the above amounts, and that the Walker judgment be satisfied out of the surplus or remainder of the premises after such payment. But they are not entitled to even such a remedy in this action, because they have not demanded such relief in their complaint and it is not within the purview of the matters alleged therein. (*Truesdell* v. *Sarles,* 104 N. Y. 164; Baylies' Code Pleading, 202; *Clark* v. *Post,* 113 N. Y. 27; *Evans* v. *Burton,* 5 N. Y. S. R. 216; *Southwick* v. *F. N. Bank,* 84 N. Y. 420; *Reed* v. *McConnell,* 133 N. Y. 425.) The testimony of Henry, Wilson and Jacob Shear, contained in the report of the referee in the supplemental proceedings, was not admissible in the plaintiffs' affirmative case, and the objections of Mrs. Shear to its introduction were well taken. (*Kain* v. *Larkin,* 131 N. Y. 300; *Bush* v. *Roberts,* 111 N. Y. 278; *Tabor* v. *Van Tassell,* 86 N. Y. 642; *Cuyler* v. *McCartney,*

40 N. Y. 221; *Tilson* v. *Terwilliger*, 56 N. Y. 273; *Burnham* v. *Brennan*, 74 N. Y. 597.) In no view which can be taken of the agreement between Mr. and Mrs. Shear can the conveyances be set aside; and they must stand as legal conveyances of the fee in the premises. (*Dygert* v. *Remerschnider*, 32 N. Y. 629; *Savage* v. *O'Neill*, 44 N. Y. 298; *Woodworth* v. *Sweet*, 51 N. Y. 10; *S. C. P. Co.* v. *Wing*, 85 N. Y. 426; *Warren* v. *Wilder*, 114 N. Y. 209.)

*John F. Patterson* for appellant Henry D. Shear. The position of Henry D. Shear, as set out by his answer, and as disclosed by the evidence, is that the conveyances to his wife were made pursuant to an agreement entered into between himself and Mrs. Shear prior to their marriage, frequently repeated at subsequent times, fully performed upon her part, and by him fulfilled before plaintiff Walker acquired any lien upon the premises. And he contends that this agreement was made and carried out in good faith and with no intention of defrauding any of his creditors.

*Edward A. Washburn* and *George Bowen* for respondents. The conveyances being upon their face voluntary it was for the defendants to show that they were not fraudulent and void as against this judgment, and in this respect the burden of the proof was upon them. (*Smith* v. *Reid*, 134 N. Y. 568; *Emmerick* v. *Hefferan*, 31 N. Y. S. R. 173; Beach on Mod. Eq. Juris. § 915; *Coleman* v. *Burr*, 93 N. Y. 31.) The question as to whether the conveyances of property from Shear to his wife were made and received with intent to hinder, delay or defraud creditors, was one of fact and not of law. (R. S. [9th ed.], 1888, § 4; *Fuller* v. *Brown*, 76 Hun, 557; Beach on Mod. Eq. Juris. §§ 106, 107; *C. Bank* v. *Bolton*, 87 Hun, 547; *Starin* v. *Kelly*, 88 N. Y. 421; *Babcock* v. *Jones*, 62 Hun, 565; *Manchester* v. *Tibbetts*, 121 N. Y. 222; *F. N. Bank* v. *Moffatt*, 77 Hun, 468; *McConnell* v. *Barber*, 86 Hun, 360; *Buell* v. *Rope*, 6 App. Div. 113; *Howe* v. *Sommers*, 22 App. Div. 419.) Where the deed

is frauduent against creditors it is wholly void and can-
not stand to any extent as security or indemnity. (*Davis*
v. *Leopold*, 87 N. Y. 620; *Billings* v. *Russell*, 101 N.
Y. 226; Beach on Mod. Eq. Juris. § 916; *Baldwin* v.
*Short*, 125 N. Y. 553; *Conde* v. *Hall*, 92 Hun, 335; *Woods*
v. *Van Brunt*, 6 App. Div. 220.) The agreement found
by the referee, that Mrs. Shear paid moneys to her husband
under the oral promise made prior to 1861, and subsequently
reaffirmed; that the moneys were to be applied toward the
purchase of the farm and in the payment of mortgage indebt-
edness of the husband, and that in the decline of their lives,
and in lieu of devise of the same to her by will, he would
convey the farm to her, is, of itself, fraudulent as against
creditors of the husband, whose debts are created while title
is in the husband and without notice of such agreement. (R. S.
[9th ed.] 1884, § 6; *Hendricks* v. *Isaacs*, 117 N. Y. 411;
*Schierloh* v. *Schierloh*, 148 N. Y. 103.) The counsel's con-
tention that the court would not in this case have power in
the event that Mrs. Shear's claims were found prior to those
of the plaintiffs, to grant a judgment to that effect, postponing
plaintiffs' claims to hers, is without force. (*Valentine* v.
*Richardt*, 126 N. Y. 272; *F. N. Bank* v. *Moffatt*, 77 Hun,
468; *Dygert* v. *Remerschnider*, 32 N. Y. 629.) There was
no error committed on the trial requiring a reversal. (*Wright*
v. *Nostrand*, 94 N. Y. 31; *Loos* v. *Wilkinson*, 110 N. Y.
195; *Church* v. *Kidd*, 3 Hun, 254; *Platt* v. *Platt*, 2 T. &
C. 25.) Even should a new trial be allowed both appellants
their demand for separate bills of costs to abide the event
should not be granted. (*Everson* v. *Gehrman*, 2 Abb. Pr.
413; Code Civ. Pro. § 3238, subd. 2.) The fact that a mort-
gage was given or property transferred by a debtor for a
valuable consideration is not as a proposition of law incon-
sistent with the existence of an intent on the part of the
debtor to defraud his creditors, or of such knowledge thereof
on the part of the mortgagee or purchaser as will avoid the
mortgage or conveyance. (*Billings* v. *Russell*, 101 N. Y.
226.)

VANN, J. This is a creditor's action brought by a receiver in supplementary proceedings to set aside a conveyance from the judgment debtor to his wife upon the allegation that it is fraudulent as against creditors.

The debt represented by the plaintiff was contracted in 1891, suit was brought for the recovery thereof in February, 1894, and fourteen days later the transfer in question was made which recited no consideration except one dollar. Upon the trial it appeared that the judgment debtor, Henry D. Shear, was married to the defendant Sarah H. Shear in 1861, and that on the first of March, 1866, he purchased a farm of seventy-three acres for the sum of $2,920, of which $1,300 was paid down and the remainder secured by a mortgage. In April, 1876, he purchased forty acres of land adjoining said farm for the sum of $2,000, all of which was secured by a mortgage upon the premises. In February, 1894, when the transfer in question was made, the premises were incumbered by mortgage to the amount of $1,700, and Mr. Shear, who had no other property, was indebted to various parties to the amount of $600, besides the debt to the plaintiff. The consideration for the transfer, as found by the referee, was "the sum of $420 advanced by the said Sarah H. Shear to the said Henry D. Shear at the time said seventy-three acres were purchased and by him paid towards the purchase of said premises; and in consideration of the sum of $600 earned by the said Sarah H. Shear between the date of her marriage with the defendant Henry D. Shear, in 1861, and the date of said deed, and paid to the said Henry D. Shear; and in consideration of the sum of $1,639, realized by the said Sarah H. Shear as profits in keeping boarders between the years 1881 and 1883 and paid to said Henry D. Shear; and in consideration that the said Sarah H. Shear would assume said mortgage indebtedness of $1,700 and pay said notes of $600; and for the purpose of providing for the said Sarah H. Shear after the death of said Henry D. Shear; and as a testamentary provision for her in the estate of said Henry D. Shear in lieu of making a will in her favor."

The referee further found "that all of said moneys were paid by said Sarah H. Shear to said Henry D. Shear under an oral promise made by him prior to their marriage, and reaffirmed at the time he received said moneys, that they were to be applied toward the purchase of said farm and in the payment of any mortgage indebtedness thereon and in the payment of the indebtedness of said Henry D. Shear, and that in the decline of their lives and in lieu of devising the same to her by will he would convey said farm to her; that said agreement was a secret one and was only known to said Henry D. Shear and Sarah H. Shear until March, 1893; that the plaintiff had no knowledge of such agreement prior to the execution of said deeds; that the said Sarah H. Shear never requested the said Henry D. Shear to convey said premises to her until the spring of 1889; that she requested him to convey the same several times subsequent to that date, but no directions were ever given to have the conveyances drawn until the month of March, 1893; that at that time the agreement hereinbefore stated was made known to the childeren of the said Henry D. Shear and Sarah H. Shear, and Wilson Shear, one of said children, was requested to prepare said conveyances; that he neglected to do so and they were not prepared until a day or two previous to their execution; that the said Henry D. Shear conducted, managed and carried on said farm from the time of the purchase thereof until the spring of 1893; that since that time the defendant Sarah H. Shear has had the management of the same; that the value of said farm was not fixed by said Henry D. Shear and Sarah H. Shear when the same was conveyed to the latter, nor was the amount of the indebtedness from said Henry D. Shear to said Sarah H. Shear then ascertained; that at the time of said conveyances said farm was of the value of $4,500.

"I further find and report that said conveyances from said Henry D. Shear to Sarah H. Shear were made with intent to hinder, delay and defraud the creditors of the said Henry D. Shear, and especially the plaintiff John Walker, and that the said Sarah H. Shear had previous notice of said fraudulent

intent of the said Henry D. Shear." He found as a conclusion of law that the conveyances were void and directed judgment that they should be set aside and the property described therein subjected to the lien of the judgment represented by the receiver.

Upon the trial of the action the plaintiff, after putting in evidence the judgment roll, execution and the return thereof unsatisfied, offered the report of the referee in supplementary proceedings based upon said judgment. Before any objection or ruling was made the counsel for the defendants asked if that included the evidence taken by the referee, whereupon the counsel for the plaintiff stated that it included the whole report. The counsel for the defendants thereupon objected in behalf of all the defendants upon various grounds. He also objected upon behalf of Sarah H. Shear, who had served a separate answer, " as to that part of it which is a recital of the testimony of the defendant Henry D. Shear, and the witnesses Wilson H. Shear and Jacob Shear, upon the ground that it is incompetent, immaterial and improper ; that the statements made by Henry D. Shear and the other two witnesses last named upon that proceeding cannot bind in any way the defendant Sarah H. Shear in this action ; * * * that it is entirely immaterial what any of the witnesses, except herself, upon that supplementary proceeding may have testified to, and that their statements do not bind her or have any effect upon her in this action, and that it is entirely immaterial, so far as she is concerned and so far as her rights and defenses in this action are concerned, what may have been the intent or purpose of the defendant Henry D. Shear in executing and delivering the deeds mentioned in the complaint and attacked in this action." The evidence was received and the defendants excepted, Mrs. Shear excepting separately. Thereupon the referee's report was read in evidence, consisting of the report proper, the testimony of Henry D. Shear taken before the referee and covering six pages of the appeal book ; also the testimony of two other witnesses as well as that of Mrs. Shear herself. The plaintiff also read in evidence the

rest of the papers upon which the receiver was appointed, the various conveyances already mentioned, called three witnesses who testified simply to the condition of the premises in question and their market value, and then rested without introducing any further evidence. Thereupon the counsel for Mrs. Shear asked the referee " to strike out the testimony taken upon the supplementary proceeding. * * * of all the witnesses who testified on that proceeding except Mrs. Shear, upon the same grounds of objection offered to the introduction of said testimony," but the motion was denied and an exception taken in behalf of Mrs. Shear.

The testimony given by Henry D. Shear before the referee in supplementary proceedings bore directly upon the question whether the conveyances attacked were made with intent to hinder, delay and defraud creditors, and whether Mrs. Shear had previous notice of such fraudulent intent on the part of her husband.

Both Mr. and Mrs. Shear were sworn in their own behalf, and their testimony did not, in some material respects, and especially in respect to fraudulent intent and notice thereof, agree with the version given by them before the referee in supplementary proceedings.

The testimony of Mrs. Shear, being an admission of a party to the record, was properly received as against herself, and the testimony of Mr. Shear as against himself, but we do not see upon what principle the testimony of Mr. Shear could be received as against his co-defendant, for it did not appear, other than by the evidence objected to, that there was either joint interest or privity of design between them. (1 Greenleaf's Ev. § 174.) It was very material, and the form of the referee's report, as well as his opinion, indicates that it had weight with him in deciding the question of fact relating to actual fraud on the part of Mr. Shear and notice thereof on the part of his wife. It has long been the settled law that the declarations of a grantor, made after the transfer of both title and possession, cannot be received in evidence as against the grantee. (*Kain* v. *Larkin*, 131 N. Y. 300, 309; *Bush*

v. *Roberts*, 111 N. Y. 278; *Truax* v. *Slater*, 86 N. Y. 630; *Tabor* v. *Van Tassell*, 86 N. Y. 642; *Coyne* v. *Weaver*, 84 N. Y. 386; *Burnham* v. *Brennan*, 74 N. Y. 597; *Tilson* v. *Terwilliger*, 56 N. Y. 273; *Cuyler* v. *McCartney*, 40 N. Y. 221; *Scofield* v. *Spaulding*, 54 Hun, 523, 528; *Petrie* v. *Williams*, 68 Hun, 589.)

*Adams* v. *Davidson* (10 N. Y. 309) is not in conflict with these authorities, because, as was said in *Coyne* v. *Weaver* (*supra*), that was a case "where an assignor continued in possession without a break, notwithstanding a real or pretended sale."

In *Loos* v. *Wilkinson* (110 N. Y. 195) the declarations of the grantors to the effect that they still owned the property, were received, because they were part of a fraudulent scheme. The conveyances were secret; the grantors were in possession collecting and using the rents as they had before; the property was assessed to them and was insured in their names. Under these circumstances it was properly held that the statements were "in the nature of *res gestæ* declarations."

The fact that the testimony of Mr. Shear was taken in a judicial proceeding did not make it any the less a declaration as to Mrs. Shear, who was not a party, but simply a witness in that proceeding. It was as to her hearsay evidence and inadmissible upon any ground. Her title could not be attacked in that way any more than it could be by proof of her husband's oral declarations made after he had conveyed the property to her./ Declarations made under oath do not differ in principle from declarations made without that sanction and both come within the rule which excludes all hearsay evidence with some exceptions not now material. No man's property would be safe and titles would be thrown into confusion if the declarations of a grantor, out of possession, whether made under the sanction of an oath or not, could be received in evidence as against his grantee.

An attempt is made to justify the introduction of this evidence upon the ground that it affected the credibility of the testimony given by the defendants on the trial, but when it

was introduced no testimony had been given in behalf of the defendants, and if it had not been introduced no testimony would have been necessary in their behalf.

The testimony of Mr. Shear was not admissible as the declaration of a co-conspirator, because when it was received no evidence had been given tending to prove a conspiracy, and the declaration of an alleged conspirator cannot be admitted against an alleged co-conspirator for the purpose of proving the conspiracy itself.

Without passing upon any other question we think that the appeal must be sustained on account of the error of the referee in receiving the testimony of the grantor, given in supplementary proceedings, as against the grantee.

The judgment should be reversed and a new trial granted, with costs to abide the event to the defendant Sarah H. Shear only.

All concur.

Judgment reversed, etc.