### LEWIS v. BOARDMAN.

(Supreme Court, Appellate Division, First Department. January 23, 1903.)

1. FRAUDULENT CONVEYANCES—INSOLVENCY OF DEBTOR—BURDEN OF PROOF.
   A creditor in a suit to set aside as fraudulent an antecedent or subsequent conveyance by a debtor to his wife has the burden of proving that the debtor was insolvent at the time of the conveyance.

2. SAME—EVIDENCE—SUFFICIENCY.
   The mere proof that a conveyance by a debtor to his wife was voluntary is not sufficient, in a suit to set aside the conveyance as fraudulent as against creditors, to show the insolvency of the debtor at the time of the conveyance.

Appeal from special term.

Suit by William H. Lewis against Amy Boardman. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John H. Corwin, for appellant.
Thomas Allison, for respondent.

PATTERSON, J. The plaintiff is the assignee of a judgment recovered May 29, 1899, by George P. Utley against Harmon G. Utley. On June 20, 1896, Harmon G. Utley conveyed to his wife, Sarah A. Utley, premises known as No. 19 West 121st street, in the city of New York. On March 1, 1897, Sarah A. Utley conveyed the same premises to her daughter, Amy Boardman. In June, 1899,

¶ 1. See Fraudulent Conveyances, vol. 24, Cent. Dig. § 804.

this action was begun to set aside the conveyances mentioned, on the ground that they were made, delivered, and recorded without any consideration therefor, and with the intent to hinder, delay, and defraud the plaintiff and creditors of Harmon Utley. It is further alleged in the complaint that the deed from Sarah A. Utley to the defendant, Boardman, was procured to be made by Harmon G. Utley by fraud, and that such deed never was delivered to the defendant, Amy Boardman, who was not a purchaser of the premises described in such deed in good faith or for value. There is also an allegation in the complaint that Harmon G. Utley was at the date of the conveyances insolvent and unable to meet his liabilities or pay his debts, and was largely indebted to divers persons in large sums of money, and particularly to the plaintiff's assignor, for the obligations upon which the judgment was recovered and for other sums of money. The answer puts in issue all the substantial allegations of the complaint. Pending the action, and before trial, Harmon G. Utley died, and his executors were brought in as parties defendant. Upon the trial the court held that the defendant was entitled to judgment dismissing the complaint, and it was decided that the deed made by Harmon G. Utley to Sarah A. Utley of the premises in question was not made or recorded with the intent to hinder, delay, or defraud the plaintiff's assignor, nor with intent to hinder, delay, or defraud the plaintiff, nor with intent to hinder, delay, or defraud the creditors, or any of them, of Harmon G. Utley, and that the said Harmon G. Utley was not insolvent when the deed was made or when it was recorded, and Harmon G. Utley did not render himself insolvent by the execution and delivery of the deed, or the recording thereof. The plaintiff appeals from the judgment entered.

The burden of proof that Harmon G. Utley was insolvent at the time he made the conveyance to his wife was upon the plaintiff. That proposition was plainly established in Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105; and the rule applies with equal force whether a creditor attacking a conveyance was such when the conveyance was made, or became such subsequently to the conveyance being made. The simple fact that the conveyance was voluntary is not sufficient. That Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082, is in conflict with the proposition laid down in Kain v. Larkin, is true. In this court we have refused to follow the ruling in Smith v. Reid, but have regarded what was decided in Kain v. Larkin as conclusive upon the subject. Kalish v. Higgins (No. 1) 70 App. Div. 192, 75 N. Y. Supp. 397. In the present case the plaintiff failed to prove the insolvency of Harmon G. Utley at the date of the conveyance to his wife. Indebtedness only was proven. We cannot hold, on this record, that Harmon G. Utley was actually insolvent in June, 1896.

The judgment should be affirmed, with costs. All concur.