WILLIAM H. LEWIS, Appellant, *v.* AMY BOARDMAN, Respondent, Impleaded with Others.

*Action to set aside a conveyance alleged to be in fraud of creditors — the burden of establishing the grantor's insolvency rests on the plaintiff — proof that the conveyance was voluntary is insufficient.*

In an action brought by a judgment creditor to set aside a conveyance of real property made by the judgment debtor to his wife, on the ground that the judgment debtor was insolvent at the time he executed the conveyance and that such conveyance was made with intent to hinder, delay and defraud his creditors, the burden of proving the judgment debtor's insolvency at the time he executed the conveyance is upon the plaintiff whether he was a creditor at the time the conveyance was made or became such at a time subsequent thereto; the simple fact that the conveyance was voluntary is not sufficient to sustain the action.

APPEAL by the plaintiff, William H. Lewis, from a judgment of the Supreme Court in favor of the defendant Amy Boardman, entered in the office of the clerk of the county of New York on the 28th day of April, 1902, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint upon the merits.

*John H. Corwin,* for the appellant.

*Thomas Allison,* for the respondent.

PATTERSON, J.:

The plaintiff is the assignee of a judgment recovered May 29, 1899, by George P. Utley against Harmon G. Utley. On June 20, 1896, Harmon G. Utley conveyed to his wife, Sarah A. Utley, premises known as No. 19 West One Hundred and Twenty-first street, in the city of New York. On March 1, 1897, Sarah A. Utley conveyed the same premises to her daughter, Amy Boardman. In June, 1899, this action was begun to set aside the conveyances mentioned, on the ground that they were made, delivered and recorded without any consideration therefor, and with the intent to hinder, delay and defraud the plaintiff and creditors of Harmon Utley. It is further alleged in the complaint that the deed from

Sarah A. Utley to the defendant Boardman was procured to be made by Harmon G. Utley by fraud, and that such deed never was delivered to the defendant Amy Boardman, who was not a purchaser of the premises described in such deed in good faith or for value. There is also an allegation in the complaint that Harmon G. Utley was, at the date of the conveyances, insolvent and unable to meet his liabilities or pay his debts and was largely indebted to divers persons in large sums of money and particularly to the plaintiff's assignor for the obligations upon which the judgment was recovered and for other sums of money. The answer puts in issue all the substantial allegations of the complaint. Pending the action, and before trial, Harmon G. Utley died, and his executors were brought in as parties defendant. Upon the trial the court held that the defendant was entitled to judgment dismissing the complaint, and it was decided that the deed made by Harmon G. Utley to Sarah A. Utley of the premises in question was not made or recorded with the intent to hinder, delay or defraud the plaintiff's assignor, nor with intent to hinder, delay or defraud the plaintiff, nor with intent to hinder, delay or defraud the creditors or any of them of Harmon G. Utley, and that the said Harmon G. Utley was not insolvent when the deed was made, or when it was recorded, and Harmon G. Utley did not render himself insolvent by the execution and delivery of the deed or the recording thereof. The plaintiff appeals from the judgment entered.

The burden of proof that Harmon G. Utley was insolvent at the time he made the conveyance to his wife was upon the plaintiff. That proposition was plainly established in *Kain* v. *Larkin* (131 N. Y. 300), and the rule applies with equal force whether a creditor attacking a conveyance was such when the conveyance was made or became such subsequently to the conveyance being made. The simple fact that the conveyance was voluntary is not sufficient. That *Smith* v. *Reid* (134 N. Y. 568) is in conflict with the proposition laid down in *Kain* v. *Larkin* is true. In this court we have refused to follow the ruling in *Smith* v. *Reid*, but have regarded what was decided in *Kain* v. *Larkin* as conclusive upon the subject. (*Kalish* v. *Higgins, No. 1*, 70 App. Div. 192.) In the present case the plaintiff failed to prove the insolvency of Harmon G. Utley at the date of the conveyance to his wife. Indebtedness

only was proven.   We cannot hold on this record that Harmon G. Utley was actually insolvent in June, 1896.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.