SOLOMON MULTZ, Respondent, *v.* LENA PRICE and MOSES PRICE, Appellants.

*Creditor's action — a wife's examination in supplementary proceedings is not competent as against her husband — proof required in addition to proof that a conveyance is voluntary.*

In an action by a judgment creditor against the debtor and her husband to set aside a conveyance executed by the judgment debtor to her husband, upon the ground that it was made in fraud of creditors, evidence given by the judgment debtor on her examination in proceedings supplementary to an execution issued against her, is admissible against the judgment debtor, but is not admissible for any purpose as against her husband.

A voluntary conveyance made by a husband to his wife or by a wife to her husband will not be set aside in an action brought by a judgment creditor of the

grantor, in the absence of proof that at the time the conveyance was executed the grantor was insolvent, or that he or she did not retain sufficient property to pay existing indebtedness.

APPEAL by the defendants, Lena Price and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of January, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, adjudging a conveyance theretofore made by the defendant Lena Price to the defendant Moses Price to be fraudulent and null and void as against the plaintiff.

*Clarence L. Barber*, for the appellants.

*Jacob Manheim*, for the respondent.

LAUGHLIN, J. :

This is a judgment creditor's action to set aside a conveyance by a wife to her husband alleged to have been made in fraud of creditors. The defendants were both examined in proceedings supplementary to execution issued against the wife. Upon the trial of this action the examination of the wife was received in evidence generally, over the objection and under exception in behalf of the husband that as to him the evidence given by his wife was hearsay, and that her statements and declarations long after the conveyance could not affect his title. This evidence was properly admissible as against the wife, but should have been so limited. It was not admissible or competent for any purpose as against the husband. (*Lent* v. *Shear*, 160 N. Y. 462 ; *Kalish* v. *Higgins, No. 1*, 70 App. Div. 198 ; *Kain* v. *Larkin*, 131 N. Y. 307.) The judgment cannot be sustained on the theory that the admission of this evidence was not prejudicial. The husband defended his title upon the ground that he was a creditor of his wife, and that the conveyance was executed in satisfaction of the existing indebtedness owing by her to him, and upon the trial he gave evidence tending to sustain this contention. The wife testified on the examination thus received that her husband gave her nothing for the property, the conveyance of which is sought to be set aside, and also that she received no consideration for the transfer. The husband upon his examination

under a third party order in supplementary proceedings, also testified that he did not give his wife anything for the property transferred, but he further testified in substance that he was the equitable owner of the property, and that he had expended $5,000 thereon, and had expended in all about $9,000 on account of this and other property of which he claimed to be the equitable owner, the legal title being in his wife. As has been stated, however, he defends his title upon the theory that the conveyance was given in satisfaction of this indebtedness. When the wife was examined in supplementary proceedings, the husband does not appear to have been represented, and, of course, he had no legal standing on such examination. The effect of his evidence, taken as a whole, is that there existed an adequate consideration for the transfer, either upon the theory that the property in equity belonged to him, or that his wife was indebted to him in an amount equal to the value of her equity in the premises. It may well be claimed from her testimony as a whole that there was no consideration for the transfer. In these circumstances it cannot be successfully maintained that the reception of her testimony was not prejudicial error.

The plaintiff failed to show that the judgment debtor was insolvent. In this action, commenced after the examination of both husband and wife in supplementary proceedings, which incidentally developed the claim that the husband was the owner of the property, the complaint is framed upon the theory that the wife was the owner of the property and made a voluntary conveyance thereof to her husband for the purpose of defrauding her creditors. The husband, in his answer, admits that his wife owned the property. The testimony of both husband and wife given upon this trial, if believed, showed a sufficient consideration for the conveyance; and, if not believed, the conveyance at most was merely voluntary. In the absence of evidence of insolvency, the inference of a fraudulent intent is not justified from the mere fact that the conveyance was voluntary. A voluntary conveyance even by a husband to his wife, or a wife to her husband, cannot be set aside in an action by a judgment creditor without showing the insolvency of the judgment debtor, or that sufficient property was not retained to pay existing indebtedness. (*Kalish* v. *Higgins, No. 1, supra ; Kain* v. *Larkin, supra ; Lewis* v. *Boardman,* 78 App. Div. 394.)

It follows that the judgment must be reversed and a new trial granted, with costs to appellants to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.