CURLEY v. QUIRK et al.

(Supreme Court, Appellate Division, Second Department. April 25, 1913.)

Appeal from Special Term, Kings County.

Action by Nellie J. Curley against Margaret Quirk and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Nelson L. Keach, of New York City, for appellants.
Bertha Rembaugh, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs.

HIRSCHBERG, J. (dissenting). The appellants are husband and wife. Shortly before the commencement of this action the respondent recovered a judgment against the wife in the Municipal Court of the City of New York for the sum of $534.41 damages and costs; the cause of action being for fraud and deceit on the part of the wife in inducing the respondent to buy a partnership interest in a certain business. That action was not for an accounting between partners, and I think was within the jurisdiction of the Municipal Court. Meanwhile the wife deeded voluntarily to the appellant her husband her interest in certain real estate in the borough of Brooklyn owned by them jointly, and an execution issued upon the Municipal Court judgment was returned unsatisfied. The judgment appealed from sets this conveyance aside as fraudulent as against creditors, and appoints a receiver of the real estate, to administer and sell the same for the benefit of the respondent.

The appellants complain of the appointment of the receiver, and it is by no means clear that such appointment was necessary or proper. The judgment, however, must be reversed for the refusal of the trial court to permit the appellant Margaret Quirk to prove her financial condition at the time of the assailed conveyance and at the

time of the commencement of this action. The court found as a fact that she was then insolvent, but precluded her from showing that she had no creditors other than the respondent, and that she did not regard herself as indebted to the latter. The question of fraudulent intent in the transfer complained of is vital, and the presumption arising from the voluntary conveyance is not conclusive, nor is that arising from the unsatisfied execution irrefutable. See Multz v. Price, 82 App. Div. 339, 81 N. Y. Supp. 931, and Wilks v. Greacen (Sup.) 140 N. Y. Supp. 851.

I vote to reverse.